THE HONORABLE JOHN H. CHUN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| PETER DIRKSEN, AVIVA COPAKEN, and STEVEN BELTRAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FUNKO, LLC,<br><br>Defendant. | Case No. 2:26-cv-01585-JHC<br><br>**FUNKO, LLC'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AS TO PLAINTIFF BELTRAN**<br><br>NOTE ON MOTION CALENDAR: September 14, 2026<br><br>**ORAL ARGUMENT REQUESTED** |



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 5

II. STATEMENT OF FACTS ..... 6

III. LAW AND LEGAL ARGUMENT ..... 9

- a. Legal Standard ..... 9
- b. The Arbitrator Should Decide the Issue of Arbitrability ..... 10
- c. Regardless of Who Decides the Issue of Arbitrability, Arbitration is Appropriate ..... 11
  - i. The Terms and Conditions Apply to Plaintiff Beltran's Claims ..... 11
  - ii. The Arbitration Clause is Valid and Enforceable ..... 12
  - iii. Plaintiff Beltran Must Arbitrate His Claims on an Individual Basis ..... 15
- d. The Court Should Stay This Action Against Plaintiff Beltran Pending Plaintiff Beltran's Arbitration ..... 16

IV. CONCLUSION ..... 17



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. AT & T Mobility, LLC*,
816 F. Supp. 2d 1077 (W.D. Wash. 2011), *aff'd*, 524 F. App'x 322 (9th Cir. 2013) ....16

*Blair v. Rent-A-Center, Inc.*,
928 F.3d 819 (9th Cir. 2019) ....16

*Brennan v. Opus Bank*,
796 F.3d 1125 (9th Cir. 2015) ....10

*Briggs v. Serv. Corp. Int'l.*,
No. C22-1646JLR, 2023 WL 2075958 (W. D. Wash. Feb. 17, 2023) ....10

*Chabolla v. ClassPass Inc.*,
129 F.4th 1147 (9th Cir. 2025) ....13

*CompuCredit Corp. v. Greenwood*,
565 U.S. 95 (2012) ....9

*Dean Witter Reynolds, Inc. v. Byrd*,
470 U.S. 213 (1985) ....9

*Durphey v. Experian Info. Sols., Inc.*,
No. C24-468 MJP, 2025 WL 289071 (W.D. Wash. Jan. 24, 2025) ....9, 12, 15

*Epic Sys. Corp. v. Lewis*,
584 U.S. 497 (2018) ....9, 16

*Fli-Lo Falcon, LLC v. Amazon.com, Inc.*,
97 F.4th 1190 (9th Cir. 2024) ....9

*Gilmer v. Interstate/Johnson Lane Corp.*,
500 U.S. 20 (1991) ....9

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
586 U.S. 63 (2019) ....11

*Keebaugh v. Warner Bros. Ent. Inc.*,
100 F.4th 1005 (9th Cir. 2024) ....13

*Keystone Land & Dev. Co. v. Xerox Corp.*,
152 Wn.2d 171 (2004) ....12



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

*Leyva v. Certified Grocers of Cal., Ltd.*,
593 F.2d 857 (9th Cir. 1979) ....................16

*Moreno v. T-Mobile USA, Inc.*,
No. 2:22-cv-00843-JHC, 2023 WL 401913 (W.D. Wash. Jan. 25, 2023)....................16

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983)....................9, 17

*O'Connor v. Warner Bros. Animation*,
No. 2:20-cv-09291-MCS-JPR, 2021 WL 3698581 (C.D. Cal. Jan. 21, 2021) ....................10

*Oracle America, Inc. v. Myriad Grp. A.G.*,
724 F.3d 1069 (9th Cir. 2013) ....................11

*Wilson v. Huuuge, Inc.*,
944 F.3d 1212 (9th Cir. 2019) ....................12

*Woytko v. FabFitFun, Inc.*,
No. C25-2616JLR, 2026 WL 1291912 (W.D. Wash. May 11, 2026).................... *passim*

**Statutes**

9 U.S.C. § 1, *et seq*....................5

9 U.S.C. § 2....................9

9 U.S.C. § 3....................16, 17

9 U.S.C. § 4....................17

18 U.S.C. § 2510, *et seq*....................8

Cal. Bus. & Prof. Code § 17200, *et seq*. ....................8

Cal. Civ. Code § 1770, *et seq*....................8

Cal. Penal Code § 631....................8

Cal. Penal Code § 638.51....................8

**Other Authorities**

Cal. Const., Art. 1, § 1 ....................8



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

## I. <u>INTRODUCTION</u>

Defendant Funko, LLC ("Funko") files this Motion to Compel Arbitration and Stay Proceedings as to Plaintiff Beltran (the "Motion") pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*. ("FAA"). Through this Motion, Funko respectfully moves this Court to compel Plaintiff Steven Beltran ("Plaintiff Beltran"), to comply with the dispute resolution agreement in the Terms and Conditions he agreed to when creating an account on www.funko.com and resolve the claims asserted in this action through mandatory, binding arbitration. Funko further seeks a stay of all proceedings and deadlines in the case as to Plaintiff Beltran until this Motion is resolved, and then during the pendency of the arbitration itself. For the reasons more fully set forth below, this Motion should be granted.

Plaintiff Beltran, along with Plaintiffs Peter Dirksen and Aviva Copaken, (collectively, "Plaintiffs") brought the instant putative class action against Funko for alleged privacy violations relating to their use of Funko's public-facing website, www.funko.com (the "Website"). Plaintiffs claim that despite rejecting consent to Funko's use of tracking tools in Funko's Cookie Banner, certain undefined "tracking tools" that Funko allegedly deployed on its Website nevertheless caused their browsing information such as button clicks, products viewed, and behavioral data to be transmitted to undefined "tracking entities." Complaint ("Compl.") ¶¶ 6, 9, 12, 19–21, 112, 114–15, 117, 162, 174. Plaintiffs further claim that their public website browsing data constituted legally protected data. *Id.* ¶ 120.

Importantly, Plaintiff Beltran alleges that he "maintains an account and has purchased Funko products from the Website in the past." *Id.* ¶ 21. As explained in more detail below, in order for Plaintiff Beltran to create an account with Funko, he was required to accept Funko's Terms and Conditions, which included a mandatory, binding arbitration provision, as well as a class action wavier. *See* Declaration of Alex Winney ("Winney Decl."), Exhibits A, B, and C. Despite the mandatory arbitration provision and class action waiver, Plaintiff Beltran filed the instant putative class action in breach of the agreed-to Terms and Conditions. Accordingly, for the



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

forgoing reasons, Funko respectfully asks the Court to compel individual arbitration as to Plaintiff Beltran under the FAA and stay this action as to all of Plaintiff Beltran's claims pending resolution of the arbitration.

## II. STATEMENT OF FACTS

Funko operates the Website, www.funko.com, which "users browse and purchase collectible figures, apparel, accessories, and related merchandise; explore exclusive and limited-edition product releases; create and manage user accounts; access order history and customer support services; and engage with promotions, loyalty programs, and special offers." Compl. ¶ 3. The Website displays a cookie banner that provides users with cookie preferences. *Id.* ¶ 4. Plaintiffs allege that they all rejected consent to Funko's use of tracking technologies in the cookie banner. *Id*. ¶¶ 19–21. Plaintiffs claim that, despite rejecting Funko's use of tracking technologies on its Website, Funko still deployed certain undefined "tracking tools," which caused their browsing information such as button clicks, products viewed, and behavioral data to be transmitted to undefined "tracking entities." *Id.* ¶¶ 6, 9, 12, 19–21, 112, 114–15, 117, 162, 174. Plaintiffs further claim that their public website browsing data transmitted to tracking technologies as a result of the tracking tools constituted legally protected data. *Id*. ¶ 120.

Plaintiff Beltran alleges he created an account on Funko's Website. *Id*. ¶ 21. In order to create an account on Funko's Website, Beltran was required to affirmatively select a box that states he accepts the Terms of Service,[1] which were hyperlinked in a contrasting blue, underlined, bolded font, as shown below:

[1] While the account creation page references the "Terms of Service," it hyperlinks to Funko's Website's Terms and Conditions. Winney Decl., Ex. B.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380



**Create Account**

First Name *

Your First Name

Last Name *

Your Last Name

Email *

Your Email

Password*

Your Password

- Something at least 9 characters long
- Use one or more numbers
- Use one or more lowercase letters
- Use one or more uppercase letters
- Use one or more special characters ( !"#$%&'()*+,-./:;<=>?@[\]^_`{|}~)

Confirm Password *

Confirm Your Password

☐ Sign me up for Funko email updates

☐ By clicking the checkbox, I hereby (i) accept Funko's TERMS OF SERVICE and agree to be bound by them and (ii) acknowledge that I have received and reviewed Funko's PRIVACY POLICY.

CREATE ACCOUNT

Already have an account? Sign in here

Thus, when Plaintiff Beltran created an account with Funko, he was required to accept the Terms and Conditions, manifesting his assent to be bound by the Terms and Conditions, including the requirement to resolve any dispute through arbitration.

Additionally, Funko's Terms and Conditions expressly states that:

> [Y]ou and Funko agree that every dispute arising in connection with these Terms will be resolved by binding arbitration. . . . This agreement to arbitrate disputes includes all claims arising out of or relating to any aspect of these Terms, whether based in contract, tort, statute, fraud, misrepresentation, or any other legal theory, and regardless of whether a claim arises during or after the termination of these Terms. YOU UNDERSTAND AND AGREE THAT, BY ENTERING INTO THESE TERMS, YOU AND Funko ARE EACH WAIVING THE RIGHT TO A TRIAL BY JURY OR TO PARTICIPATE IN A CLASS ACTION.

*Id.* Ex. A, Section 24(a).

Further, Funko's Terms and Conditions expressly state that:



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

> YOU AGREE THAT ANY DISPUTE BETWEEN YOU AND FUNKO MUST BE RESOLVED BY INDIVIDUAL BINDING ARBITRATION, AND BY ACCEPTING THESE TERMS, YOU AND FUNKO ARE EACH WAIVING THE RIGHT TO A TRIAL BY JURY OR TO PARTICIPATE IN ANY CLASS ACTION OR REPRESENTATIVE PROCEEDING. YOU AGREE TO GIVE UP YOUR RIGHT TO GO TO COURT to assert or defend your rights under this contract (except for matters that may be taken to small claims court). Your rights will be determined by a NEUTRAL ARBITRATOR and NOT a judge or jury.

*Id.*, pg. 1.

The Terms and Conditions also notify users if they wish to opt out they must follow specific procedures. *Id*. Section 24(c) ("If you do not wish to resolve disputes by binding arbitration, you may opt out of the provisions of this Section 24 within 30 days after the date that you agree to these Terms by" following the instructions in Section 24(c)). Notably, Plaintiff Beltran does not allege to have opted out of the requirement to arbitrate. *See* Winney Decl., Para. 3.

In breach of the Terms and Conditions,[2] Plaintiff Beltran brings the following causes of action (as do Plaintiffs Copaken and Dirksen): (1) violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq*.; (2) invasion of privacy; (3) violation of the California Constitution Article 1, Section 1; (4) violation of the California Invasion of Privacy Act, Cal. Penal Code § 631; (5) violation of the California Invasion of Privacy Act, Cal. Penal Code § 638.51; (6) violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1770, *et seq*.; (7) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.; (8) common law fraud, deceit, and/or misrepresentation; and (9) unjust enrichment. Compl. *Id*. ¶¶ 148–244.

Plaintiffs bring this action on behalf of a nationwide class defined as "[a]ll natural persons who visited and interacted with Defendant's Website in the United States during the applicable limitations period and whose electronic communications were intercepted, disclosed, or shared through Defendant's Tracking Tools and Tracking Entities" (*id*. ¶ 139), and a California subclass

[2] Funko reserves all rights to seek any and all relief from Plaintiff Beltran arising from his breach of the Terms and Conditions.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

defined as "[a]ll members of the Class who visited and interacted with Defendant's Website while located in the State of California during the applicable limitations period." *Id.* ¶ 140.

## III. LAW AND LEGAL ARGUMENT

### a. Legal Standard

The FAA manifests a long-standing "strong federal policy in favor of enforcing arbitration agreements." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985). Arbitration agreements are placed on the same footing as other contracts and must be "rigorously enforce[d]." *Id.* at 217, 221; *see also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). The Supreme Court of the United States has reaffirmed the long-standing principle that federal courts are to strictly enforce arbitration agreements. *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 502 (2018) (holding that the FAA is a congressional command instructing "federal courts to enforce arbitration agreements according to their terms. . . .").

Section 2 of the FAA, provides that all agreements to arbitrate "shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 2 establishes "a liberal federal policy favoring arbitration agreements," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), that "requires courts to enforce agreements to arbitrate according to their terms," *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012). Furthermore, where an arbitration agreement exists, any doubts concerning the arbitrability of a claim must be resolved in favor of arbitration. *Moses H Cone Mem. Hosp.*, 460 U.S. at 24–25.

As the Western District of Washington has explained, "'[w]hen the parties have clearly and unmistakably delegated questions regarding arbitrability to the arbitrator, the court need not conduct further inquiries beyond the existence of the arbitration agreement.'" *Durphey v. Experian Info. Sols., Inc.*, No. C24-468 MJP, 2025 WL 289071, at *3 (W.D. Wash. Jan. 24, 2025) (quoting *Fli-Lo Falcon, LLC v. Amazon.com, Inc.*, 97 F.4th 1190, 1194 (9th Cir. 2024)).



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

"If an agreement contains a delegation provision, the court's role is limited to analyzing whether: (1) a valid agreement to arbitrate exists and (2) the agreement contains a valid delegation provision. If both preconditions are met, the arbitrator must resolve all further issues regarding arbitrability, including whether the arbitration agreement applies to the dispute at issue." *Woytko v. FabFitFun, Inc.*, No. C25-2616JLR, 2026 WL 1291912, at * 3 (W.D. Wash. May 11, 2026) (citation modified).

**b. The Arbitrator Should Decide the Issue of Arbitrability**

The Terms and Conditions delegate the question of arbitrability to the arbitrator. Indeed, Section 24(d) states:

> Any arbitration between you and Funko will be settled under the Federal Arbitration Act and administered by JAMS in accordance with the rules of JAMS ("**JAMS Rules**"), which rules are available at https://www.jamsadr.com/rules-comprehensive-arbitration/. JAMS may be contacted at www.jamsadr.com. The arbitrator has exclusive authority to resolve any dispute relating to the interpretation, applicability, or enforceability of this binding arbitration agreement

Winney Decl., Ex. A, Section 24(d).

Courts within this Circuit have routinely found the arbitrator should decide the issue of arbitrability when the parties' agreement incorporates JAMS rules. *Briggs v. Serv. Corp. Int'l.*, No. C22-1646JLR, 2023 WL 2075958, at *7 (W. D. Wash. Feb. 17, 2023) (citing cases) ("The court concludes that the [agreement] clearly and unmistakably delegates arbitrability questions to the arbitrator by incorporating the JAMS rules by reference."); *O'Connor v. Warner Bros. Animation*, No. 2:20-cv-09291-MCS-JPR, 2021 WL 3698581, at * 2 (C.D. Cal. Jan. 21, 2021) (citing cases) ("The agreements' incorporation of the JAMS arbitration rules also constitutes clear and unmistakable evidence of an agreement to arbitrate arbitrability."); *see also Woytko*, 2026 WL 1291912, at *5 (finding the parties delegated to the arbitrator the issue of whether the plaintiff's claims were arbitrable when the terms of use and sale not only incorporated the AAA rules in the arbitration provision "but it also expressly states that the arbitrator has exclusive authority to resolve disputes about the 'interpretation, applicability, enforceability, or formation' of the Terms


BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

of Use and Sale, including whether 'a particular claim is subject to arbitration.'" (citation omitted)); *Brennan v. Opus Bank*, 796 F.3d 1125, 1130–32 (9th Cir. 2015) ("[I]ncorporation of the AAA rules constitutes 'clear and unmistakable' evidence that contracting parties agreed to arbitrate arbitrability"); *Oracle America, Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1074 (9th Cir. 2013) ("Virtually every circuit to have considered the issue has determined that incorporation of the [AAA] arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." (citing cases)).

Thus, given that Funko's Terms and Conditions not only incorporate the JAMS rules, but also expressly state that "[t]he arbitrator has exclusive authority to resolve any dispute relating to the interpretation, applicability, or enforceability of this binding arbitration agreement" (Winney Decl., Ex. A) the question of arbitrability should be delegated to the arbitrator.

**c. Regardless of Who Decides the Issue of Arbitrability, Arbitration is Appropriate**

"[A]rbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 67 (2019). Funko's Terms and Conditions, which govern this dispute, provide that any claim must be resolved by binding arbitration. Winney Decl., Ex. A, Section 24. The Terms and Conditions are enforceable under the FAA.

Section 4 of the FAA provides the district court with authority to compel arbitration. *Woytko*, 2026 WL 1291912, at *3. "In deciding whether to compel arbitration under the FAA, a court's inquiry is generally limited to two 'gateway' issues: '(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.' If both conditions are met, 'the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms.'" *Id*. (citation modified).

*i. The Terms and Conditions Apply to Plaintiff Beltran's Claims*

As an initial matter, the Terms and Conditions apply to Plaintiff Beltran's claims. Indeed, the Terms and Conditions provide that:



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

> The dispute resolution and binding arbitration terms in this Section 24 apply to all Claims between you and Funko. A "Claim" is any dispute, claim, or controversy (excluding those exceptions listed below) between you and Funko, whether based in contract, tort, statute, fraud, misrepresentation, or any other legal theory, that either party wishes to seek legal recourse for and that arises from or relates to these Terms (and/or any Supplemental Terms), Products or the Services, or claims arising out of or relating to the interpretation, application, validity, enforceability, or scope of the arbitration requirement or any portion of it.

Winney Decl., Ex. A, Section 24(1).

Further, the Terms and Conditions make clear that they apply to Plaintiff Beltran's access and use of the Website and Funko's online services. *Id.*, pg. 1.

Plaintiff Beltran's allegations arise out of his use of Funko's Website. Specifically, Plaintiff Beltran alleges that when he visited Funko's Website, he "engaged with Defendant's Cookie Banner and rejected all tracking." Compl. ¶ 21. He alleges that despite rejecting tracking, "Defendant deployed third-party Tracking Tools that intercepted, recorded, and transmitted Plaintiff Beltran's browsing activity, device identifiers, and related metadata to the Tracking Entities." *Id.* Based on these allegations, Plaintiff Beltran brings nine claims against Funko. *Id.* ¶¶ 148–244.

Simply put, Plaintiff Beltran's claims fall squarely within the scope of the Terms and Conditions.

*ii. The Arbitration Clause is Valid and Enforceable*

"Under Washington law, to form a valid contract, the contracting parties must 'objectively manifest their mutual assent.'" *Woytko*, 2026 WL 1291912, at *3 (quoting *Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wn.2d 171, 177 (2004)). Mutual assent is generally "expressed by an offer and acceptance." *Id.* (citation omitted). "Acceptance may be manifested expressly, such as by checking a box or clicking on a button, or impliedly, through performance or other conduct." *Id.*

"In the context of online agreements, the existence of mutual assent turns on whether the consumer had reasonable notice of the terms of service agreement." *Durphey*, 2025 WL 289071, at *3 (quoting *Wilson v. Huuuge, Inc.*, 944 F.3d 1212, 1219 (9th Cir. 2019)). Indeed, "[a] user's click of a button can be construed as an unambiguous manifestation of assent only if the user is



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

explicitly advised that the act of clicking will constitute assent to the terms and conditions of an agreement." *Id.* (internal quotations and citation omitted). Further, "an enforceable contract will be found based on an inquiry notice theory only if: (1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *Id.* at *4 (internal quotations and citation omitted). A sign-wrap agreement is enforceable based on such inquiry notice. *Woytko*, 2026 WL 1291912, at *4; *see also Chabolla v. ClassPass Inc.*, 129 F.4th 1147, 1154 (9th Cir. 2025) ("A sign-in wrap lives somewhere in the middle [of clickwrap and scrollwrap]: the website provides a link to terms of use and indicates that some action may bind the user but does not require that the user actually review those terms.").

"To be conspicuous, notice 'must be displayed in a font size and format such that the court can fairly assume that a reasonably prudent [i]nternet user would have seen it.'" *Woytko*, 2026 WL 1291912, at *4 (quoting *Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005, 1014 (9th Cir. 2024)). In determining whether a website provides reasonably conspicuous notice of the terms, court's consider "'[t]he "context of the transaction," as well as the 'traditional inquiry related to the visuals involved with the notice, such as font size, text placement, and overall screen design. . . .'" *Id.* (quoting *Chabolla*, 129 F.4th at 1155).

For example, just recently the Western District of Washinton in *Woytko v. Fabfitfun, Inc.*, found a defendant's website provided conspicuous notice of the at issue terms of use and sale, which contained an arbitration agreement explaining:

> The 2019 enrollment screen is one page long, displays the 'Terms of Use and Sale' and 'FabFitFun Box Membership Terms' hyperlinks in underlined and bolded font; and places the 'ORDER THE BOX' button directly below a statement that the user agrees to the Terms of Use and Sale by clicking the button. . . . The bolded hyperlinks are distinguished from the surrounding text and light gray background, and other elements on the screen do not obscure the textual notice. . . . The 2020 reactivation screen also has the hyperlinks underlined, in a lighter gray color that is noticeable against the white background, and directly above the action button.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

2026 WL 1291912, at *4. Similar to *Woytko*, here, Funko's Website conspicuously disclosed to Plaintiff Beltran that he would be bound by the Terms and Conditions, which contain the arbitration agreement, if he proceeded to create an account.

As demonstrated in the below screenshot, the Terms and Conditions were bolded in contrasting blue font and hyperlinked directly above the "CREATE ACCOUNT" button. The bolded hyperlink is distinguished from the surrounding text and white background.




Winney Decl., Ex. B.

Additionally, as demonstrated in the below screenshot, Funko does not pre-check the acceptance of the Terms and Conditions box. Further, if an individual were to select "CREATE ACCOUNT" without affirmatively checking the acceptance of the Terms and Conditions box, the font of the corresponding text reappears in red and there is a red exclamation mark, further highlighting the Terms and Conditions for the user's review.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380




*Id.*, Ex. C.

Just like in *Woytko*, "other elements on the screen do not obscure the textual notice." 2026 WL 1291912, at *4. Additionally, by clicking the "CREATE ACCOUNT" button, Plaintiff Beltran took an action manifesting his assent to the Terms and Conditions. *Durphey*, 2025 WL 289071, at *3–4 (granting motion to compel arbitration when plaintiff enrolled on website and clicked submit button that displayed the terms of use directly above).

Simply put, Funko provided Plaintiff Beltran conspicuous notice of the Terms and Conditions and Plaintiff Beltran agreed to them when he created an account.

*iii. Plaintiff Beltran Must Arbitrate His Claims on an Individual Basis*

Pursuant to the Terms and Conditions, Plaintiff Beltran agreed to arbitrate his claims on ***an individual basis***: "YOU AND Funko AGREE THAT EACH MAY BRING CLAIMS



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

AGAINST THE OTHER ONLY IN YOUR OR ITS INDIVIDUAL CAPACITY AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING." *See* Winney Decl., Ex. A, pg. 1, Sections 24(a) & (g).

Courts routinely uphold and enforce class action waivers. *See e.g.*, *Epic Systems Corp. v. Lewis*, 584 U.S. 497, 509 (2018) (holding that "courts may not allow a contract defense to reshape traditional individualized arbitration by mandating classwide arbitration procedures without the parties' consent."); *Adams v. AT & T Mobility, LLC*, 816 F. Supp. 2d 1077, 1087 (W.D. Wash. 2011) (rejecting argument that an arbitration agreement was unenforceable because it barred class actions and class arbitrations), *aff'd*, 524 F. App'x 322 (9th Cir. 2013); *Steele v. Am. Mortg. Mgmt. Servs.*, No. 2:12-cv-00085 WBS JFM, 2012 WL 5349511, at *8 (E.D. Cal. Oct. 24, 2012) ("courts routinely enforce arbitration agreements that deny class relief." (citing cases)); *Diaz v. T-Mobile USA, Inc.*, No. 2:25-cv-02933 WBS CSK, 2026 WL 495233, at *5 (E.D. Cal. Feb. 20, 2026) (enforcing class action waiver). Therefore, Plaintiff Beltran may not pursue his claims on a collective or class basis. Consistent with the language of the Terms and Conditions, Plaintiff Beltran must arbitrate his claim on an individual basis.

**d. The Court Should Stay This Action Against Plaintiff Beltran Pending Plaintiff Beltran's Arbitration**

Under the FAA, if a court is satisfied that an issue involved in a lawsuit is referrable to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3; *see also Blair v. Rent-A-Center, Inc.*, 928 F.3d 819, 832 (9th Cir. 2019) ("Under 9 U.S.C. § 3, a district court must stay proceedings for claims and issues 'referable to arbitration' pending resolution of the arbitration." citing *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)); *Moreno v. T-Mobile USA, Inc.*, No. 2:22-cv-00843-JHC, 2023 WL 401913 at *6 (W.D. Wash. Jan. 25, 2023) (J. Chun). The United States Supreme Court held, "[u]nder the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

parties to the underlying disputes but not to the arbitration agreement." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (1983).

Here, as discussed above, the issues involved in this lawsuit are referrable to arbitration under the Terms and Conditions. This Court must therefore "direct[] the parties to proceed to arbitration in accordance with the terms of the" agreement to arbitrate and stay all proceedings pending completion of Plaintiff Beltran's arbitration. 9 U.S.C. §§ 3–4.

## IV. CONCLUSION

Given the above, Funko respectfully requests that the Court compel Plaintiff Beltran to submit all claims to individual arbitration pursuant to the Terms and Conditions and stay this action at to Plaintiff Beltran's claims pending completion of the arbitration.

DATED this July 17, 2026.

Respectfully submitted,

**BAKER & HOSTETLER LLP**

*s/ Alexander Vitruk*

Paul G. Karlsgodt, WSBA #40311
Alexander Vitruk, WSBA #57337
Logan F. Peppin, WSBA #55704
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Phone: (206) 332-1380
E-mails: pkarlsgodt@bakerlaw.com
avitruk@bakerlaw.com
lpeppin@bakerlaw.com

I certify that this document contains 3,691 words, in compliance with Local Civil Rules

*Attorneys for Defendant Funko, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2026, a true and correct copy of the foregoing document was served via CM/ECF and/or e-mailed to counsel below:

Kim D. Stephens, P.S., WSBA #11984
1200 Fifth Avenue, Suite 1700
Seattle, Washington, 98101
Telephone: 206.682.5600
Fax: 206.682.2992
E-mail: kstephens@tousley.com

Rebecca L. Solomon, WSBA #51520
1200 Fifth Avenue, Suite 1700
Seattle, Washington, 98101
Telephone: 206.682.5600
Fax: 206.682.2992
E-mail: rsolomon@tousley.com

Mark S. Reich *(pro hac vice forthcoming)*
LEVI & KORSINSKY, LLP
33 Whitehall Street, 27th Floor
New York, NY 10004
Telephone: 212.363.7500
Fax: 212.363.7171
E-mail: mreich@zlk.com

*Attorneys for Plaintiffs and the Proposed Class*

*s/ Jaya Field*
Legal Assistant



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380