THE HONORABLE JOHN H. CHUN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

PETER DIRKSEN, AVIVA COPAKEN, and STEVEN BELTRAN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

FUNKO, LLC,

Defendant.

Case No. 2:26-cv-01585-JHC

**FUNKO, LLC'S MOTION TO DISMISS CLASS ACTION COMPLAINT**

NOTE ON MOTION CALENDAR:
September 14, 2026

**ORAL ARGUMENT REQUESTED**



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

# TABLE OF CONTENTS

I. INTRODUCTION ..... 10

II. STATEMENT OF FACTS ..... 11

III. LAW AND LEGAL ARGUMENT ..... 12

A. Legal Standard ..... 12

B. Plaintiffs' Claims Should Be Dismissed with Prejudice Under Rule 12(b)(1) Because They Fail to Establish Article III Standing ..... 13

1. Plaintiffs Have Not Alleged a Concrete Privacy Injury ..... 13

2. Plaintiffs Have Not Alleged a Concrete Injury in Fact. ..... 14

C. Plaintiffs' Claims Should Be Dismissed with Prejudice Under Rule 12(b)(6) ..... 15

1. Plaintiffs' California Statutory Claims Should Be Dismissed Under Choice of Law Principles. ..... 15

2. Plaintiffs' California Constitutional Invasion of Privacy Claims Fail (Count III). ..... 19

3. Plaintiff's Common Law Invasion of Privacy Claims Fail (Count II) ..... 20

4. Plaintiffs' Wiretap Act and CIPA § 631 Claims Fail (Counts I and IV). ..... 21

5. Plaintiffs' CIPA § 638.51 Claims Fail (Count V) ..... 26

6. Plaintiffs' CLRA Claims Fail (Count VI). ..... 29

7. Plaintiffs' Unfair Competition Claims Fail (Count VII) ..... 31

8. Plaintiffs' Common Law Fraud, Deceit, and/or Misrepresentation Claims Fail (Count VIII). ..... 31

9. Plaintiffs' Unjust Enrichment Claims Fail (Count IX). ..... 32

IV. CONCLUSION ..... 33



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Similasan Corp.*,
No. 12cv0376-BTM-WMC, 2013 WL 5436648 (S.D. Cal. Sept. 27, 2013)............. 31–32

*Austin v. Ettl*,
171 Wash. App. 82, 286 P.3d 85 (2012) ............................................................... 34

*Aviles v. Liveramp, Inc.*,
No. 24STCV19869, 2025 WL 487196 (Cal. Super. Ct. Jan. 28, 2025) .......................... 30

*B.K. v. Eisenhower Med. Ctr.*,
721 F. Supp. 3d 1056 (C.D. Cal. 2024) .................................................... 24, 27

*Beckington v. Am. Airlines, Inc.*,
926 F.3d 595 (9th Cir. 2019) ........................................................................ 15

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................. 15, 34

*Bryant v. Wyeth*,
879 F. Supp. 2d 1214 (W.D. Wash. 2012) ............................................................ 19

*Buckley v. Santander Consumer USA, Inc.*,
No. C17-5813, 2018 WL 1532671 (W.D. Wash. Mar. 29, 2018) .................................. 23

*Burtch v. Milberg Factors, Inc.*,
662 F.3d 212 (3d Cir. 2011) ......................................................................... 27

*California Crane Sch., Inc. v. Google LLC*,
722 F. Supp. 3d 1026 (N.D. Cal. 2024) ............................................................. 34

*Carideo v. Dell, Inc.*,
706 F. Supp. 2d 1122 (W.D. Wash. 2010) ........................................................ 18–19

*Castillo v. Costco Wholesale Corp.*,
No. 2:23-CV-01548-JHC, 2024 WL 4785136 (W.D. Wash. Nov. 14, 2024)............ 35 n.2

*Cherkin v. PowerSchool Holdings, Inc.*,
No. 24-cv-02706-JD, 2025 WL 844378 (N.D. Cal. Mar. 17, 2025) .............................. 34

*Crowell v. Audible Inc.*,
806 F. Supp. 3d 1216 (W.D. Wash. 2025) ....................................................... 18, 21



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

*D'Angelo v. FCA US, LLC*,
726 F. Supp. 3d 1179 (S.D. Cal. 2024) .................................................................. 22

*Daly v. Amazon.com, Inc.*,
718 F. Supp. 3d 1378 (W.D. Wash. 2024) .......................................................... 31

*Daugherty v. Am. Honda Motor Co.*,
51 Cal. Rptr. 3d 118 (Cal. Ct. App. 2006) .................................................. 18–19

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) ............................................................................... 31

*Depot, Inc. v. Caring for Montanans, Inc.*,
915 F.3d 643 (9th Cir. 2019) ............................................................................... 15

*Diaz v. Paramount Skydance Corp.*,
No. EDCV 25-02945-KK-DTBx, 2026 WL 1090958 (C.D. Cal. Apr. 20, 2026)............ 17

*Doe 1 v. Chestnut Health Sys., Inc.*,
No. 1:24-CV-01475-JEH-RLH, 2025 WL 1616635 (C.D. Ill. June 6, 2025) ................. 25

*Doe v. Eating Recovery Ctr. LLC*,
No. 23-CV-05561-VC, 2024 WL 2852210 (N.D. Cal. June 4, 2024) ............................ 33

*Doe v. Genesis Health Sys.*,
No. 4:23-cv-04209-JEH, 2025 WL 1000192 (C.D. Ill. Mar. 18, 2025) .......................... 25

*Doe v. Meta Platforms, Inc.*,
690 F. Supp. 3d 1064 (N.D. Cal. 2023) ................................................................ 18

*Do Sung Uhm v. Humana, Inc.*,
620 F.3d 1134 (9th Cir. 2010) ............................................................................. 35

*Dubbs v. Glenmark Generics Ltd.*,
No. CV 14-346 RSWL (MRWx), 2014 WL 1878906 (C.D. Cal. May 9, 2014) ............. 32

*Ferry v. DF Growth REIT*,
No. 22-cv-02001-AJB-VET, 2024 WL 5011949 (S.D. Cal. Dec. 6, 2024) ..................... 15

*Fisher v. State ex rel. Dep't of Health*,
125 Wash. App. 869, 106 P.3d 836 (2005) ........................................................... 23

*FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*,
331 P.3d 29 (Wash. 2014) .................................................................................... 18



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

*Garner v. Amazon.com, Inc.*,
603 F. Supp. 3d 985 (W.D. Wash. 2022) .......... 20–21, 24

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022).......... 22

*Hart v. TWC Prod. & Tech. LLC*,
526 F. Supp. 3d 592 (N.D. Cal. 2021) .......... 17

*Heinz v. Amazon.com, Inc.*,
No. 2:23-CV-00282 WBS AC, 2023 WL 4466904 (E.D. Cal. July 11, 2023) .......... 21

*Herzer v. Redstone*,
No. 17-CV-7545 PSG (KSx), 2018 WL 5094933 (C.D. Cal. July 10, 2018) .......... 26

*Hoey v. Sony Elecs. Inc.*,
515 F. Supp. 2d 1099 (N.D. Cal. 2007) .......... 35

*Howard v. Ethicon, Inc.*,
No. C20-5593 BHS, 2022 WL 445673 (W.D. Wash. Feb. 14, 2022) .......... 19

*Hubbard v. Google LLC*,
No. 19-cv-07016-SVK, 2024 WL 3302066 (N.D. Cal. July 1, 2024) .......... 17

*In re Ambry Genetics Data Breach Litig.*,
567 F. Supp. 3d 1130 (C.D. Cal. 2021) .......... 32

*In re Apple Data Priv. Litig.*,
824 F. Supp. 3d 888 (N.D. Cal. 2026) .......... 28

*In re Blue Shield of California Privacy Litig.*,
No. 4:25-cv-03209-YGR, 2026 WL 2040561 (N.D. Cal. July 10, 2026) .......... 26

*In re CarrierIQ, Inc., Consumer Privacy Litig.*,
78 F. Supp. 3d 1051 (N.D. Cal. 2015) .......... 26

*In re Facebook Internet Tracking Litig.*,
263 F. Supp. 3d 836 (N.D. Cal. 2017) .......... 23

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020).......... 16, 21

*In re Facebook Privacy Litig.*,
791 F. Supp. 2d 705 (N.D. Cal. 2011) .......... 24, 35 n.4



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

*In re Facebook Internet Tracking Litig.*,
140 F. Supp. 3d 922 (N.D. Cal. 2015) ........ 26

*In re iPhone Application Litig.*,
844 F. Supp. 2d 1040 (N.D. Cal. 2012) ........ 22–23

*In re Meta Pixel Tax Filing Cases*,
724 F. Supp. 3d 987 (N.D. Cal. 2024) ........ 18

*In re Nickelodeon Consumer Priv. Litig.*,
827 F.3d 262 (3d Cir. 2016) ........ 24, 27

*In re the Application of the U.S. for an Ord. Authorizing the Installation & Use of a Pen Reg. & Trap & Trace Device*,
890 F. Supp. 2d 747 (S.D. Tex. 2012) ........ 30

*In re Toys R Us, Inc., Privacy Litig.*,
No. 00-CV-2746, 2001 WL 34517252 (N.D. Cal. Oct. 9, 2001) ........ 26

*In re U.S.*,
441 F. Supp. 2d 816 (S.D. Tex. 2006)........ 29

*In re USA Today Co., Inc. Internet Tracking Litig.*,
No. 24-cv-05150-MMC, 2026 WL 932655 (N.D. Cal. Apr. 6, 2026) ........ 17

*In re Zynga Privacy Litig.*,
750 F.3d 1098 (9th Cir. 2014) ........ 22, 26–27

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 15, 27, 34

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) ........ 25

*Kelley v. Microsoft Corp.*,
251 F.R.D. 544 (W.D. Wash. 2008), certification withdrawn, No. C07-0475 MJP, 2009 WL 413509 (W.D. Wash. Feb. 18, 2009) ........ 20

*Kirch v. Embarq Mgmt. Co.*,
702 F.3d 1245 (10th Cir. 2012) ........ 26

*Kleffman v. Vonage Holdings Corp.*,
No. CV 07-2406GAFJWJX, 2007 WL 1518650 (C.D. Cal. May 23, 2007), aff'd, 387 F. App'x 696 (9th Cir. 2010) ........ 32



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

*Knapke v. PeopleConnect, Inc.*,
38 F.4th 824 (9th Cir. 2022) .......... 18

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002) .......... 25

*Lakes v. Ubisoft, Inc.*,
777 F. Supp. 3d 1047 (N.D. Cal. 2025) .......... 25

*Libman v. Apple, Inc.*,
No. 22-CV-07069-EJD, 2024 WL 4314791 (N.D. Cal. Sept. 26, 2024) .......... 33

*Licea v. Hickory Farms LLC*,
No. 23STCV26148, 2024 WL 1698147 (Cal. Super. Ct. Mar. 13, 2024) .......... 30

*Licea v. Old Navy, LLC*,
669 F. Supp. 3d 941 (C.D. Cal. 2023) .......... 23

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) .......... 21

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) .......... 14–15

*Maghoney v. Dotdash Meredith, Inc.*,
No. 24-cv-2394-AJB-BJW, 2026 WL 497402 (S.D. Cal. Feb. 23, 2026) .......... 17

*Mikulsky v. Bloomingdale's, LLC*,
713 F. Supp. 3d 833 (S.D. Cal. 2024) .......... 27

*Mintz v. Mark Bartelstein & Assocs. Inc.*,
906 F. Supp. 2d 1017 (C.D. Cal. 2012) .......... 25

*Nichols v. Peacehealth Networks on Demand LLC*,
No. 2:25-CV-01831-JHC, 2026 WL 607763 (W.D. Wash. Mar. 4, 2026) .......... 25–26

*Nienaber v. Overlake Hosp. Med. Ctr.*,
733 F. Supp. 3d 1072 (W.D. Wash. 2024) .......... 23–25

*Nienaber v. Overlake Hosp. Med. Ctr.*,
No. 2:23-CV-01159-TL, 2025 WL 692097 (W.D. Wash. Mar. 4, 2025) .......... 18

*NovelPoster v. Javitch Canfield Grp.*,
140 F. Supp. 3d 938 (N.D. Cal. 2014) .......... 25




BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

*Peavy v. WFAA-TV, Inc.*,
221 F.3d 158 (5th Cir. 2000) ........................................................................................ 26

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025)............................................................................... 15–16, 22

*Rojas Lozano v. Google, Inc.*,
159 F. Supp. 3d 1101 (N.D. Cal. 2016) ............................................................................ 34

*Ruiz v. Gap, Inc.*,
540 F. Supp. 2d 1121 (N.D. Cal. 2008), aff'd, 380 F. App'x 689 (9th Cir. 2010) .... 35 n.3

*Saeedy v. Microsoft Corp.*,
No. 23-CV-1104, 2023 WL 8828852 (W.D. Wash. Dec. 21, 2023) ............................. 15

*Sanchez v. Cars.com Inc.*,
No. 24STCV13201, 2025 WL 487194 (Cal. Super. Ct. Jan. 27, 2025) .......................... 30

*Shah v. Cap. One Fin. Corp.*,
768 F. Supp. 3d 1033 (N.D. Cal. 2025) ............................................................................ 17

*Silvia Garcia v. Blackhawk Network, Inc.*,
No. 2:25-cv-07550-JLS-SSC, 2026 WL 925028 (C.D. Cal. Apr. 1, 2026) ................... 17

*Smith v. Rack Room Shoes, Inc.*,
2025 WL 1085169 (N.D. Cal. Apr. 4, 2025) .................................................................. 26

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) ................................................................................................... 14–15

*Stiley v. Block*,
130 Wash. 2d 486 (1996) ................................................................................................. 34

*Sussman v. Am. Broad. Cos.*,
186 F.3d 1200 (9th Cir. 1999) ......................................................................................... 24

*Telquist McMillen Clare PLLC v. Clare*,
No. 4:18-CV-05045-SAB, 2018 WL 10396650 (E.D. Wash. Sept. 7, 2018) ................. 25

*Tilden-Coil Constructors, Inc. v. Landmark Am. Ins. Co.*,
721 F. Supp. 2d 1007 (W.D. Wash. 2010) ........................................................................ 19

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ................................................................................................... 15–16



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

*Von Grabe v. Sprint PCS*,
312 F. Supp. 2d 1285 (S.D. Cal. 2003) ..................................................................... 31

*Wetzel v. CertainTeed Corp.*,
No. C16-1160JLR, 2019 WL 3976204 (W.D. Wash. Mar. 25, 2019) ...................... 18–19

*Wysocki v. Zoom Techs. Inc.*,
No. 3:22-CV-05453-DGE, 2024 WL 1139094 (W.D. Wash. Mar. 15, 2024) ................ 21

*Young v. Young*,
164 Wash. 2d 477, 191 P.3d 1258 (2008) ................................................................ 34

*Zarif v. Hwareh.com, Inc.*,
789 F. Supp. 3d 880 (S.D. Cal. 2025) ..................................................................... 25

**Statutes and Rules**

18 U.S.C. § 2510 et seq. ........................................................................................... 14

18 U.S.C. § 2511(2)(d) .............................................................................................. 24

Cal. Bus. & Prof. Code § 17200 ........................................................................... 14, 33

Cal. Bus. & Prof. Code § 17204 .................................................................................. 33

Cal. Civ. Code § 1761(d) ............................................................................................ 32

Cal. Civ. Code § 1770 ................................................................................................. 14

Cal. Civ. Code § 1782 ................................................................................................. 31

Cal. Penal Code § 631 ............................................................................................ 14, 18

Cal. Penal Code § 638.51 .................................................................................. 14, 28–30

California Constitution, Article I, § 1 ......................................................................... 14

Federal Rule of Civil Procedure 12(b)(1) .................................................................... 15

Federal Rule of Civil Procedure 12(b)(6) .................................................................... 15

Federal Rule of Civil Procedure 9(b) ..................................................................... 31, 34



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

## I. INTRODUCTION

Plaintiffs Peter Dirksen, Aviva Copaken, and Steven Beltran ("Plaintiffs") bring nine claims against Defendant Funko, LLC ("Funko" or "Defendant"), all of which rest on the proposition that commonplace internet technologies are criminal wiretaps and pen registers, and that their use triggers a grab bag of privacy violations. Plaintiffs and their attorneys seek to criminalize everyday digital business tools, used by millions of private and public websites to analyze performance and deliver useful content, in order to manufacture enormous civil exposure and class action windfalls for lawyers despite no actual harm to any consumer. The Class Action Complaint ("Complaint") should be dismissed.[1]

Plaintiffs' claims are not supported by any particularized facts. Without alleging the dates of their visits nor the pages they visited, Plaintiffs merely allege they at some point visited Funko's website, www.funko.com ("Website"), and rejected all non-essential cookies and tracking technologies through Funko's "Cookie Banner." *Id.* ¶¶ 4, 12, 19–21, 58, 158, 165, 174. Plaintiffs claim that certain undefined "tracking tools" nevertheless caused their ***public browsing information*** such as button clicks, products viewed, and behavioral data, to be transmitted to or "intercepted" by certain "tracking entities." *Id.* ¶¶ 6, 9, 12, 19–21, 112, 114–15, 117,162, 174.

Plaintiffs allege how cookies and internet technologies generally operate, but plead no *facts* about how they actually operated during Plaintiffs' visits to Funko's Website. They do not allege which pages they accessed, what specific information of theirs, if any, was transmitted to any third party, or how any such transmission caused them concrete injuries. Instead, Plaintiffs attempt to convert generalized descriptions of internet technology into statutory violations untethered from their own experiences. The Complaint lacks facts regarding Plaintiffs' interactions with this free, public website to suggest that the cookie banner ever malfunctioned, or that any cookies contained information about themselves that was transmitted to any third parties.

[1] Funko concurrently moves to compel arbitration against Plaintiff Beltran and presents this motion to dismiss Plaintiff Beltran's claims in the alternative—and only in the event Funko's motion to compel arbitration is denied.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

Plaintiffs have not pled and cannot satisfy key elements of their claims, including: (1) Plaintiffs fail to plead concrete injuries-in-fact as required for Constitutional Article III standing; (2) Plaintiffs' California statutory claims should be dismissed under choice of law principles; (3) Plaintiffs fail to allege both a reasonable expectation of privacy and a highly offensive intrusion as required for their invasion of privacy claims; (4) Plaintiffs fail to plead sufficient facts to demonstrate that the "contents" of their communications were transmitted to third parties "in-transit" under the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631(a) and the Electronic Communications Privacy Act ("ECPA" or "Wiretap Act"), 18 U.S.C. § 2510 *et seq*; (5) Plaintiffs do not allege their telephonic communications were intercepted, making CIPA Section 638.51 inapplicable; (6) Plaintiffs failed to provide notice as required under the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1770, and two of three Plaintiffs are not "consumers" under the CLRA; (7) Plaintiffs fail to allege any predicate unlawful act or economic loss as required under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (8) Plaintiffs fail to plead fraud with particularity; and (9) Plaintiffs fail to state a claim for unjust enrichment.

## II. <u>STATEMENT OF FACTS</u>

Funko owns and operates the Website, on which "users browse and purchase collectible figures, apparel, accessories, and related merchandise; explore exclusive and limited-edition product releases; create and manage user accounts; access order history and customer support services; and engage with promotions, loyalty programs, and special offers." Compl. ¶ 3. The Website displays a cookie banner that provides users with cookie preferences. *Id.* ¶ 4. Plaintiffs allege that they all rejected consent to Funko's use of tracking technologies on the Website. *Id.* ¶¶ 19–21. Plaintiffs claim that Funko still deployed certain undefined "tracking tools," which caused their browsing information such as button clicks, products viewed, and behavioral data to be transmitted to "tracking entities." *Id.* ¶¶ 6, 9, 12, 19–21. Plaintiffs further claim that their public website browsing data constituted legally protected data. *Id.*



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

Plaintiffs claim Funko's actions constitute: (1) a violation of the Wiretap Act; (2) common law invasion of privacy; (3) invasion of privacy under the California Constitution, Art. 1 § 1; (4) a violation of the CIPA, Cal. Penal Code § 631; (5) a violation of CIPA, Cal. Penal Code § 638.51; (6) a violation of the CLRA; (7) a violation of California's UCL; (8) common law fraud, deceit, and/or misrepresentation; and (9) unjust enrichment. Plaintiffs bring their action on behalf of a nationwide putative class and a California subclass. *Id.* ¶¶ 139-40.

## III. LAW AND LEGAL ARGUMENT

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), the Court must dismiss any action for which it lacks subject matter jurisdiction. At the core of the Court's jurisdictional inquiry is Article III's standing requirement. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–60 (1992). The "'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan*, 504 U.S. at 560–61). "'The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Id.* Where, as here, a case is "[a]t the pleading stage, the plaintiff must clearly allege facts demonstrating each element." *Ferry v. DF Growth REIT*, No. 22-cv-02001-AJB-VET, 2024 WL 5011949, at *3 (S.D. Cal. Dec. 6, 2024) (citation modified).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal if a complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the complaint "must contain sufficient 'well-pleaded, nonconclusory factual allegation[s],' accepted as true, to state 'a plausible claim for relief.'" *Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679–80 (2009)). Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is appropriate when the complaint lacks a "cognizable legal theory" or



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

sufficient factual allegations to "support a cognizable legal theory." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 652–53 (9th Cir. 2019).

**B. Plaintiffs' Claims Should Be Dismissed with Prejudice Under Rule 12(b)(1) Because They Fail to Establish Article III Standing.**

**1. Plaintiffs Have Not Alleged a Concrete Privacy Injury.**

To establish standing, Plaintiffs must show they "suffered an injury in fact that is concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423, 426 (2021) ("Article III standing requires a concrete injury even in the context of a statutory violation") (quoting *Spokeo, Inc.*, 578 U.S. at 341); *see also Popa v. Microsoft Corp.*, 153 F.4th 784, 793 (9th Cir. 2025). A concrete injury must bear a "close relationship" to a traditionally actionable harm. *TransUnion*, 594 U.S. at 426. Thus, Plaintiffs must identify "personal or sensitive information . . . that implicates a protectable privacy interest" and was intercepted or disclosed. *Saeedy v. Microsoft Corp.*, No. 23-CV-1104, 2023 WL 8828852, at *5 (W.D. Wash. Dec. 21, 2023); *see also*; *Popa*, 153 F.4th at 793. No such concrete injury exists here. Plaintiffs fail to allege any facts describing their visits to the Website—let alone facts showing they suffered any harm. They do not allege which dates they visited the Website, what pages they viewed, how they interacted with them, or whether the cookie banner was malfunctioning at the time of their visits.

The Ninth Circuit's decision in *Popa* is controlling. There, the plaintiff alleged the collection of more than thirty categories of website-interaction data without consent, including device, browser, operating-system, location, mouse-movement, screen-swipe, text-input, and scroll-depth information. *Popa*, 153 F.4th at 786. The Ninth Circuit held that those allegations did not establish a concrete privacy injury because the plaintiff identified no "embarrassing, invasive, or otherwise private information" that was collected. *Id.* at 791. Instead, the court analogized the alleged tracking to a store clerk observing shoppers and distinguished *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020), where Facebook allegedly collected "an enormous



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

amount of individualized data" amounting to a user's "comprehensive browsing history," including visits to sensitive or embarrassing websites. *Id.* at 603, 605.

The same defect exists here. Plaintiffs allege generally that third-party cookies can collect broad categories of information, including browsing history, user input data, demographic information, device information, session information, user identifiers, and geolocation data. *See* Compl. ¶ 6. But they do not allege facts demonstrating what sensitive information was actually collected from them beyond vague identifiers such as "metadata." *Id.* ¶¶ 19–21. Additionally, they do not allege any specific information that they entered onto the Website, and, in fact, Plaintiffs Dirksen and Copaken affirmatively allege they never entered information at all. *Id.* ¶¶ 19–20. Allegations about what the third parties' cookies could conceivably collect from some users in some circumstances do not establish what, if anything, was collected from these Plaintiffs.

Courts routinely reject similar conclusory allegations of privacy violations, and this Court should do the same. *See Diaz et al. v. Paramount Skydance Corp.*, No. EDCV 25-02945-KK-DTBx, 2026 WL 1090958, at *4 (C.D. Cal. Apr. 20, 2026) ("Even accepting their allegations as true, Plaintiffs do not present any evidence that the disclosure of their Platform activity caused embarrassment, was invasive, or that the videos they watched were at all private.") (citation modified); *In re USA Today Co., Inc. Internet Tracking Litig.*, No. 24-cv-05150-MMC, 2026 WL 932655, at *3 (N.D. Cal. Apr. 6, 2026) (dismissing CIPA claim for failure to plead a cognizable injury); *Silvia Garcia v. Blackhawk Network, Inc.*, No. 2:25-cv-07550-JLS-SSC, 2026 WL 925028, at *5 (C.D. Cal. Apr. 1, 2026) ("Plaintiff has not made any allegations that the information collected, or its reach, would have been highly offensive.").

**2. Plaintiffs Have Not Alleged a Concrete Injury in Fact.**

Plaintiffs' bare assertion that their information suffered a "diminution in value" does not establish a concrete injury. Courts consistently hold that a plaintiff must plead facts showing not only that personal information has economic value, but also how the defendant's conduct caused the plaintiff to lose that value. *See, e.g., Maghoney v. Dotdash Meredith, Inc.*, No. 24-cv-2394-



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

AJB-BJW, 2026 WL 497402, at *7 (S.D. Cal. Feb. 23, 2026); *Hubbard v. Google LLC*, No. 19-cv-07016-SVK, 2024 WL 3302066, at *9 (N.D. Cal. July 1, 2024). Plaintiffs allege neither. They do not claim they sought to sell, monetize, or otherwise profit from the information allegedly transmitted, nor do they identify any lost economic opportunity attributable to Funko's conduct. Instead, they contend that Funko may have monetized the data for its own benefit. But as courts in this district have recognized, "even if a company made money off of the sharing or use of a plaintiff's information, that company's gain of money does not equal a plaintiff's loss of money or property." *Shah v. Cap. One Fin. Corp.*, 768 F. Supp. 3d 1033, 1048 (N.D. Cal. 2025); *see also Hart v. TWC Prod. & Tech. LLC*, 526 F. Supp. 3d 592, 603 (N.D. Cal. 2021) ("That the information has external value, but no economic value to plaintiff, cannot serve to establish that plaintiff has personally lost money or property.") (citation modified).

Indeed, the Complaint's allegations undermine Plaintiffs' loss-of-value theory. Plaintiffs allege that the information at issue is personal and sensitive, and that they were harmed when third parties obtained it. Compl. ¶¶ 13, 48, 176, 226, 238. But even if disclosure of the information is itself a harm, Plaintiffs cannot plausibly allege that they lost any opportunity to monetize (and necessarily disclose) that same information. *Nienaber v. Overlake Hosp. Med. Ctr.*, No. 2:23-CV-01159-TL, 2025 WL 692097, at *8 (W.D. Wash. Mar. 4, 2025) (rejecting an economic injury theory where the "crux" of the case concerned a third party's receipt of information the "plaintiff apparently does not want" a third-party to have) (citation modified); *see also Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1090 (N.D. Cal. 2023).

### C. <u>Plaintiffs' Claims Should Be Dismissed with Prejudice Under Rule 12(b)(6).</u>

#### 1. Plaintiffs' California Statutory Claims Should Be Dismissed Under Choice of Law Principles.

"District courts sitting in diversity apply the choice-of-law rules of the forum state." *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 832 (9th Cir. 2022). Washington applies the "most significant relationship" test under Restatement (Second) of Conflict of Laws ("Restatement") §



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

145 (1971). *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 331 P.3d 29, 36 (Wash. 2014). If there is no actual conflict between the law of Washington and the law of another state, then Washington law applies. *See id.* If there is an actual conflict, Restatement § 145 requires examining contacts to determine the state that has the "most significant relationship" to the disputed issue. *Carideo v. Dell, Inc.*, 706 F. Supp. 2d 1122, 1128 (W.D. Wash. 2010).

There is an actual conflict between CIPA and Washington's corresponding anti-wiretapping statute—the Washington Privacy Act ("WPA"). The WPA does not protect communications between "an individual and a business entity's automated system," such as a website. *In re Meta Pixel Tax Filing Cases* ("*In re Meta I*"), 724 F. Supp. 3d 987, 1007 (N.D. Cal. 2024); *Crowell v. Audible Inc.*, 806 F. Supp. 3d 1216, 1228 (W.D. Wash. 2025). CIPA, on the other hand, does not distinguish between interceptions with individuals and corporations in the same regard. *Crowell*, 806 F. Supp. 3d at 1228 (citing Cal. Penal Code § 631(a)).

This district has recognized that California's and Washington's consumer-protection statutes are "not co-extensive." *Wetzel v. CertainTeed Corp.*, No. C16-1160JLR, 2019 WL 3976204, at *7 (W.D. Wash. Mar. 25, 2019); *Carideo v. Dell, Inc.*, 706 F. Supp. 2d 1122, 1134 (W.D. Wash. 2010). The conflict identified in *Daugherty v. Am. Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 128–29 (Cal. Ct. App. 2006), is one example of that broader principle. In *Carideo*, the court rejected the argument that a defendant's "duty to its consumers was limited to its warranty obligations absent either an affirmative misrepresentation or a safety issue," as under the CLRA, because Washington courts have not adopted the restrictive disclosure principles articulated by California courts in *Daugherty* and its progeny. *Id.* In declining to apply *Daugherty*'s analysis to Washington's CPA, the court emphasized that, by contrast, "[o]rdinarily, under [Washington's] CPA, . . . a party's failure to disclose material facts may give rise to a CPA violation." *Wetzel*, 2019 WL 3976204, at *7 (citations omitted). Because the two states' laws impose different standards of liability and can lead to different outcomes on the same set of facts, they are not



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

merely non-identical; they are materially conflicting. Accordingly, the Court must proceed to the "most significant relationship" inquiry rather than applying Washington law.

The existence of an actual conflict, where "the parties did not select the law to govern the issue," requires the Court to undertake the two-step "most significant relationship" analysis. *Tilden-Coil Constructors, Inc. v. Landmark Am. Ins. Co.*, 721 F. Supp. 2d 1007, 1012–13 (W.D. Wash. 2010). "First, the Court must consider the following contacts: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Bryant v. Wyeth*, 879 F. Supp. 2d 1214, 1220–25 (W.D. Wash. 2012). The second step is to consider "the interests and public policies" of the concerned states. *Howard v. Ethicon, Inc.*, No. C20-5593 BHS, 2022 WL 445673, at *4 (W.D. Wash. Feb. 14, 2022).

This two-step analysis favors applying Washington law. Looking at the first step, in *Garner v. Amazon.com, Inc.*, the court held "Washington law applies where the injury-causing conduct (the design, marketing, and sale of products that unlawfully record conversations) occurred in or was orchestrated from Washington" and where "the place of injury (the location of the millions of devices sold) was fortuitous and widespread." 603 F. Supp. 3d 985, 996 (W.D. Wash. 2022). Similarly, here, the alleged conduct causing the injury—the deployment and operation of the challenged tracking technologies—occurred in Washington. Compl. ¶ 22. Additionally, Plaintiffs allege no facts that Funko directed activities towards California. Although the alleged injury was experienced by users in California, that alleged contact alone is insufficient to outweigh the fact that the challenged conduct emanated from Washington. Accordingly, just as in *Garner*, the injury here is "fortuitous and widespread," especially where Defendant's Website and/or conduct is alleged to have impacted a putative class of "[a]ll natural persons who visited and interacted with Defendant's Website ***in the United States***." Compl. ¶ 139 (emphasis added); *see also Kelley v. Microsoft Corp.*, 251 F.R.D. 544, 552 (W.D. Wash. 2008), *certification withdrawn*, No. C07-0475


BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

MJP, 2009 WL 413509 (W.D. Wash. Feb. 18, 2009) (finding the "location of the harm suffered [] fortuitous" where the "[d]efendant's allegedly unfair or deceptive acts caused injury throughout the country."). [2]

The Court should apply Washington law. The parties' relationship is centered on a Website owned and operated from Washington. Compl. ¶ 22. Funko is a Washington company, and Washington has the strongest interest in regulating the conduct of businesses operating within its borders. *Id.* Given these additional contacts, Washington has the most significant relationship to the parties and the occurrence, and Washington law should govern.

As to the second step—the interests and public policies of the concerned state—in looking at the wiretap laws of California, Florida, Maryland, Illinois, Michigan, Massachusetts, Pennsylvania, and New Hampshire, the *Garner* court observed that "the wiretap laws of the other interest states are similar such that the legislative interests of other states can be protected under Washington law." 603 F. Supp. 3d at 995-96; *see also Crowell*., 806 F. Supp. 3d at 1230 (finding "Washington law is not contrary to fundamental California policy" where Washington law provides an analogous anti-wiretapping cause of action and where the WPA is considered one of the most restrictive of such statutes in the nation (more so than CIPA)). In addition, Plaintiffs' California constitutional invasion of privacy claim can be remedied under Washington law because "Washington law similarly reflects a strong public policy of protecting the right to privacy." *Heinz v. Amazon.com, Inc.*, No. 2:23-CV-00282 WBS AC, 2023 WL 4466904, at *4 (E.D. Cal. July 11, 2023) (transferring a case to Washington pursuant to forum selection clause upon finding that Washington privacy laws do not contravene California public policy). Given Washington state's

[2] Plaintiffs are likely to cite *Castillo v. Costco Wholesale Corp.*, No. 2:23-CV-01548-JHC, 2024 WL 4785136, at *3 (W.D. Wash. Nov. 14, 2024), for the court's finding that California has the most significant relationship to the Plaintiffs' claims. However, *Castillo*, an unpublished opinion, is distinguishable because plaintiffs in that case "searched for, ordered, or refilled prescriptions" with a defendant that ensured its customers that it "safeguards customers' personal health data," *id.* at *1, whereas here, Plaintiffs allege that they merely visited Defendant's Website "for ordinary consumer purposes, including browsing and comparing products, ordering products, and otherwise navigating the Website's content." Compl. ¶ 11. Indeed, Plaintiffs Dirksen and Copaken allegedly only browsed the Website, without creating an account or ordering anything.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

interest in protecting its citizens under its own privacy laws, this Court should dismiss the California claims.

To the extent the Court considers any California claims—which it should not—those claims should be dismissed for failure to state a claim, as explained below.

**2. Plaintiffs' California Constitutional Invasion of Privacy Claims Fail (Count III).**

Plaintiffs fail to state an invasion of privacy claim. Plaintiffs must allege both a reasonable expectation of privacy and a highly offensive intrusion. *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d at 601. The California Constitution imposes a "high bar" on Plaintiffs' privacy claims. *Wysocki v. Zoom Techs. Inc.*, No. 3:22-CV-05453-DGE, 2024 WL 1139094, at *14 (W.D. Wash. Mar. 15, 2024) (citing *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012)). Plaintiffs fail to meet that high bar here.

***First***, Plaintiffs do not plausibly allege a reasonable expectation of privacy. They voluntarily visited a public website, and, in the case of Plaintiff Beltran, maintained an account and purchased products. Compl. ¶¶ 19–21. Plaintiffs Dirksen and Copaken do not allege that they had accounts or placed orders, and Plaintiff Beltran does not allege specific facts as to what information he personally entered—let alone that any such input or information was collected. Plaintiffs instead rely on generalized allegations that cookies were ***capable*** of collecting data that they label "Sensitive Information," including browsing history, website interactions, device information, session information, identifiers, and geolocation data. *Id.* ¶¶ 6, 91. But calling ordinary website analytics data "Sensitive Information" does not make it so. Courts routinely reject similar privacy claims. *See In re Zynga Privacy Litig.*, 750 F.3d 1098, 1108–09 (9th Cir. 2014) (no protected privacy interest in basic identification information or descriptive URLs); *D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1206 (S.D. Cal. 2024) (no invasion of privacy based on account name, IP address, geographic location, and referral URL).



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

***Second***, Plaintiffs do not plausibly allege any highly offensive intrusion. "Data collection and disclosure to third parties that is 'routine commercial behavior' is not a 'highly offensive' intrusion of privacy." *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1090 (N.D. Cal. 2022); *see also In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012). Plaintiffs' allegations that advertising or analytics cookies transmitted from a ***toys and collectibles website*** are not the kind of "embarrassing, invasive, or otherwise private information" necessary to convert routine commercial analytics collection into a "highly offensive" intrusion. *See Popa*, 153 F.4th at 791 (rejecting claims that defendant's monitoring of a ***pet store website*** was "highly offensive" because it "seems most similar to a store clerk's observing shoppers in order to identify aisles that are particularly popular or to spot problems that disrupt potential sales"). And, electronic data collection and disclosure is no "egregious breach of social norms" ***"[e]ven assuming this information was transmitted without Plaintiffs' knowledge and consent***. . . ." *In re iPhone*, 844 F. Supp. 2d at 1063 (emph. added).

The same result as in *In re iPhone*—dismissal with prejudice—is warranted here.[3]

### 3. Plaintiff's Common Law Invasion of Privacy Claims Fail (Count II)

Plaintiffs allege intrusion upon seclusion based on Funko's alleged permission to third-party tracking technologies to collect Plaintiffs' sensitive information without consent. Compl. ¶ 171. "To prevail on an intrusion on seclusion claim, a plaintiff must prove that the defendant (1) deliberately intruded; (2) into the plaintiff's solitude, seclusion, or private affairs; (3) in a manner that would be highly offensive to a reasonable person." *Fisher v. State ex rel. Dep't of Health*, 125 Wash. App. 869, 106 P.3d 836 (2005). In a factually similar case, this Court concluded that "[b]ecause Plaintiff[s] voluntarily shared [their] information with Defendant, there was no intrusion upon Plaintiff[]s['] solitude, seclusion, or private affairs by Defendant." *Nienaber v.*

---

[3] Courts have dismissed invasion of privacy claims (under both California's Constitution and common law) when far more sensitive data allegedly was collected and disclosed. *See, e.g.*, *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1128 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689 (9th Cir. 2010) (alleged disclosure of social security numbers "do[es] not constitute an egregious breach" of social norms).



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

*Overlake Hosp. Med. Ctr.*, 733 F. Supp. 3d 1072, 1089 (W.D. Wash. 2024) (quoting *Buckley v. Santander Consumer USA, Inc.*, No. C17-5813, 2018 WL 1532671, *7 (W.D. Wash. Mar. 29, 2018)). *Nienaber* acknowledged that perhaps the plaintiffs could pursue a disclosure claim to the extent they complained about the defendant passing their information to third parties, but not an intrusion upon seclusion claim. *Id.* The same can be said here, Plaintiffs cannot plead intrusion upon seclusion for information they voluntarily gave to Funko.

**4. Plaintiffs' Wiretap Act and CIPA § 631 Claims Fail (Counts I and IV).**

"Analysis of CIPA violations is the same as the analysis for the federal Wiretap Act." *Licea v. Old Navy, LLC*, 669 F. Supp. 3d 941, 945 (C.D. Cal. 2023). To state a Wiretap Act or CIPA § 631 claim, a plaintiff must plausibly allege that the defendant intentionally intercepted the contents of an electronic communication while it is in-transit using a device. *In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836, 844 (N.D. Cal. 2017). Plaintiffs cannot do that here. The Complaint does not plead an unlawful interception, does not plead contemporaneous interception "in-transit," and does not plead any interception of "contents." Thus, counts I and IV should be dismissed, without leave to amend.

***i. Plaintiffs Fail to Allege Any Unlawful Interception.***

The Wiretap Act does not impose liability on a party to the communication. 18 U.S.C. § 2511(2)(d). A website operator cannot "intercept" communications sent to itself; it cannot eavesdrop on its own conversations. *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 713 (N.D. Cal. 2011). That principle is dispositive here because the interactions Plaintiffs describe are, by their own accounts, communications between a user's browser and Funko's website. *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 274 (3d Cir. 2016); *see also John Roe, et al. v. Amgen Inc.*, No. 2:23-cv-07448-MCS-SSC, 2024 WL 2873482, at *6 (C.D. Cal. June 5, 2024). In virtually identical circumstances, district courts in the Ninth Circuit have made clear that users of a website cannot state a claim under the Wiretap Act against the website provider, because the website provider was the intended recipient of any alleged communications via the website and



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

therefore could not have intercepted such communications. *See B.K. v. Eisenhower Med. Ctr.*, 721 F. Supp. 3d 1056, 1065 (C.D. Cal. 2024) ("the party exception to Plaintiffs' [Wiretap Act] . . . claim[] exempts Defendants from liability"); *Nienaber*, 733 F. Supp. 3d at 1095 ("Under the [Wiretap Act], it is not unlawful for a person to intercept electronic communications where such person is a party to the communication.") (citation modified); *Garner*, 603 F. Supp. 3d at 1002 (same). Funko is identically situated.

Plaintiffs seemingly (though not explicitly) attempt to invoke the "crime-tort exception," which applies only where the interception was made for the purpose of committing a criminal or tortious act. Compl. ¶ 162. "Under section 2511, the focus is not upon whether the interception itself violated another law; it is upon whether the purpose for the interception—its intended use—was criminal or tortious." *Sussman v. Am. Broad. Cos.*, 186 F.3d 1200, 1202 (9th Cir. 1999) (citation modified). Here, Plaintiffs allege no such unlawful purpose. Instead, Plaintiffs assert—without factual support—that the interception was for "the unlawful purpose of monetizing the Plaintiff's intercepted information." Compl. ¶ 162. Indeed, Plaintiffs actually allege the opposite of a tortious or illegal purpose, claiming that Funko intercepted their communications to then "increase the effectiveness of advertising, marketing, and sales and to generate revenue." *Id.* ¶ 242. Courts in this Circuit have recently held that where "purpose of the interception was not to 'perpetuate torts on millions of Internet users, but to make money,'" the crime-tort exception to the party-exception is not satisfied. *Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1058 (N.D. Cal. 2025) (Wiretap Act crime-tort exception did not apply); *see also Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 945 (N.D. Cal. 2023) (holding that a defendant's desire to "make money" through use of pixels does not meet the crime-tort exception); *Nichols v. Peacehealth Networks on Demand LLC*, No. 2:25-CV-01831-JHC, 2026 WL 607763, at *4 (W.D. Wash. Mar. 4, 2026) (holding that the crime-tort exception did not apply where information was allegedly intercepted for "targeted advertising purposes" but not disclosed for an unlawful purpose.).



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

Likewise, courts throughout the Ninth Circuit and around the country have held that allegations that communications were transmitted to third parties "for purposes of targeting advertising to [d]efendant's [] website users" were "insufficient to implicate the crime-tort exception." *Zarif v. Hwareh.com, Inc.*, 789 F. Supp. 3d 880, 896 (S.D. Cal. 2025) (dismissing Wiretap Act claim); *see also Nienaber*, 733 F. Supp. 3d at 1096 (finding the exception did not apply because plaintiff failed to plead "a tortious or criminal use of the acquired communications separate from their recording, interception, or transmission"); *see also Doe 1 v. Chestnut Health Sys., Inc.*, No. 1:24- CV-01475-JEH-RLH, 2025 WL 1616635, at *12 (C.D. Ill. June 6, 2025); *Doe v. Genesis Health Sys.*, No. 4:23-cv-04209-JEH, 2025 WL 1000192, at *9 (C.D. Ill. Mar. 18, 2025).

***ii. Plaintiffs Fail to Allege Contemporaneous Interception.***

Plaintiffs also fail to allege contemporaneous or "in-transit" interception of the alleged "content," as required by the Wiretap Act and CIPA. *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) (For a communication to be intercepted "in violation of the Wiretap Act, it must be acquired during transmission, not while it is in electronic storage"); *see also Telquist McMillen Clare PLLC v. Clare*, No. 4:18-CV-05045-SAB, 2018 WL 10396650, at *2 (E.D. Wash. Sept. 7, 2018). Given the speed of internet communications, the Wiretap Act's application to such transmissions is "undoubtedly limited" and rarely met. *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 951–52 (N.D. Cal. 2014); *see also Mintz v. Mark Bartelstein & Assocs. Inc.*, 906 F. Supp. 2d 1017, 1031 (C.D. Cal. 2012). Plaintiffs offer no facts to suggest a third-party intercepted communications before they reached Funko.

***iii. There Can Be No Civil Liability for Allegedly Procuring or Aiding and Abetting an Alleged Interception Through Third Parties.***

Plaintiffs claim that Funko "procured the Tracking Entities to embed and configure the Tracking Tools in its Website, in a manner that enabled the Tracking Entities to intercept the contents of Plaintiffs' communications with the Website." Compl. ¶ 117. Plaintiffs' underlying



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

allegations seem to identify third parties, not Funko, as the parties that collect information such as IP addresses and device information for advertising purposes. Plaintiffs' Wiretap Act claim is not saved by their alternative characterization of the claim as one for aiding and abetting.

Section 2520(a) creates a private civil cause of action only against the person who engages in an unlawful interception, disclosure, or intentional use of electronic communication – not against any other person for procuring, enabling, aiding or abetting another's interception of such. *See, e.g., Kirch v. Embarq Mgmt. Co*., 702 F.3d 1245, 1246–47 (10th Cir. 2012) (holding that there is no civil Wiretap Act claim for "procur[ing]" or "aiding and abetting" an interception); *see also Peavy v. WFAA-TV, Inc*., 221 F.3d 158, 169 (5th Cir. 2000) (same); *Nichols*, 2026 WL 607763, at *4 ("Plaintiff cannot sustain an ECPA claim under a procurement theory of interception").

When Congress enacted the Wiretap Act in 1986, it specifically excluded civil liability for procurement of an interception (*i.e*., aiding and abetting), which previously existed under the 1968 predecessor statute. *See Kirch*, 702 F.3d at 1246– 47. Courts in the Ninth Circuit are in accord. *In re Blue Shield of California Privacy Litig*., No. 4:25-cv-03209-YGR, 2026 WL 2040561 at *10 (N.D. Cal. July 10, 2026) (explaining "Plaintiff's procurement-based theory of liability is not cognizable."); *In re Toys R Us, Inc., Privacy Litig.*, No. 00-CV-2746, 2001 WL 34517252, at *7 (N.D. Cal. Oct. 9, 2001) ("The Court finds that § 2520(a) does not provide a cause of action against aiders and abetters, and, accordingly, that plaintiffs may not proceed . . . on such theory."); *In re Carrier IQ, Inc., Consumer Privacy Litig.*, 78 F. Supp. 3d 1051, 1089 (N.D. Cal. 2015) (no secondary liability under the Wiretap Act); *Smith v. Rack Room Shoes, Inc*., 2025 WL 1085169, at *7 (N.D. Cal. Apr. 4, 2025) (Section 2520 does not provide for a private right of action based on procuring others to intercept); *Herzer v. Redstone*, No. 17-CV-7545 PSG (KSx), 2018 WL 5094933, at *7 (C.D. Cal. July 10, 2018) (same).

Because the Wiretap Act does not provide a private cause of action against an entity that is alleged to have procured or aided and abetted another party to intercept a communication, Plaintiffs' Wiretap Act claim should be dismissed as a matter of law.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

***iv. Plaintiffs Fail to Allege Plausible Interception of "Contents."***

Plaintiffs' claims further fail because Plaintiffs have not pled facts showing that the "contents" of any communications were "disclosed" to a third party. Under the ECPA, "contents" of a communication are defined as "any information concerning the substance, purport, or meaning of that communication." 18 U.S.C. § 2510(8). "Content" information "refers to the intended message conveyed by the communication" and is therefore distinct from "record" information, which relates to "the characteristics of the message that is generated in the course of the communication," such as a name, address, or the identity of a subscriber or customer. *See In re Zynga*, 750 F.3d at 1106–07. Here, the alleged "contents" are URLs. *See, e.g.*, Compl. ¶¶ 29, 110.

In *Facebook Internet Tracking Litig.*, 1, 930–31 (N.D. Cal. 2015), the court held that a URL sent to Meta by a user's browser does not qualify as "contents" of a "communication" under the ECPA because it is nothing more than "record information regarding the characteristics of the message that is generated in the course of the communication.'" *Id*. at 935 (quoting *In re Zynga*, 750 F.3d at 1106–07). The court emphasized that "[p]laintiff may never be able to state [an ECPA] claim, particularly since their arguments on this issue are so unpersuasive." *Id.* at 935–36. By definition, a URL does not convey the "meaning" of the communication with the host server; it simply identifies the location of the requested webpage on the Internet. *Id.*

In *In re Zynga*, the Ninth Circuit explained that even though a URL could disclose that a person viewed the "page of a gay support group," such URLs "function[] like an 'address,'" not "contents" of a communication. 750 F.3d at 1107–08; *In re Nickelodeon*, 827 F.3d at 275 (URL that revealed which specific video a child watched (http://www.nick.com/shows/penguins-of-madacascar) was more akin to telephone number than substantive conversation); *see also Mikulsky v. Bloomingdale's, LLC*, 713 F. Supp. 3d 833, 845 (S.D. Cal. 2024) ("button clicks, mouse movements, scrolling, resizing, touches (for mobile browsers), key presses, page navigation" were "more akin to the 'record' information that the [*Zynga* court] held not to be contents").


BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

Plaintiffs' threadbare conclusions that visitors' "Sensitive Information" is transmitted to third parties (*see, e.g.*, Compl. ¶¶ 6, 10, 46, 136), are bereft of alleged facts and therefore insufficient as a matter of law. *See, e.g., Iqbal*, 556 U.S. at 678; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224–25 (3d Cir. 2011) (rejecting allegations that the defendant "regularly and unlawfully shared highly confidential information" related to customers as conclusory in nature); *B.K.*, 721 F. Supp. 3d at 1064 (dismissing claim for failure "to allege what, if any, medical information or medical records were transmitted or disclosed" and that the plaintiffs' "vague allegations about [them] and their experiences with [the defendant]" and the complaint's "conjectures and hypothetical scenarios and patients" did not allege with "any specificity as to what medical information was allegedly disclosed or when it was disclosed.").

**5. Plaintiffs' CIPA § 638.51 Claims Fail (Count V).**

Plaintiffs' Section 638.51 claims collapse under their own allegations. CIPA defines a pen register as a "device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." Cal. Penal Code. § 638.50(b). Yet, Plaintiffs repeatedly allege that third parties intercepted the content of their communications. *See* Compl. p. 38 ("Tracking Entities Intercepted the *Contents* of Plaintiffs' Communications in Transit") (emph. added). Plaintiffs cannot simultaneously allege interception of content to support their Section 631 claims, while recharacterizing the same conduct as non-content signaling to support Section 638.51. *See* Cal. Penal Code. § 638.50(b). These internally inconsistent theories are not pled in the alternative and require dismissal as a matter of law.

"Section 638.51 covers devices or processes that record 'dialing, routing, addressing, or signaling information' and explicitly excludes those that record 'the contents of a communication.'" *In re Apple Data Priv. Litig.*, 824 F. Supp. 3d 888, 897 (N.D. Cal. 2026). Thus, because the plaintiffs "assert[] that [defendant] apps recorded their 'communications,'" plaintiffs' complaint contained "inconsistent allegations and causes of action" and plaintiffs' Section 638.51



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

claim must be dismissed. *Id.* Here, Plaintiffs' Section 638.51 claims were not pled in the alternative to their Section 632 claims and, like the plaintiff in *In re Apple*, Plaintiffs incorporated by reference all preceding allegations. Compl. ¶ 194. Because Plaintiffs expressly and repeatedly allege that Funko recorded the content of their "confidential communications," their Section 638.51 claims fail as a matter of law. *Id.* ¶¶ 110–12, 115, 117.

Separately, Plaintiffs seek to expand the definition of a trap and trace device beyond its intended use by applying it to ubiquitous Internet technologies. CIPA's statutory framework and legislative history make clear that Section 638.51 only applies to trap and trace devices that are used in telephonic surveillance. CIPA defines a "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." Cal. Penal Code § 638.50(c). Pen registers and trap and trace devices are used by law enforcement personnel in telephone surveillance to capture data related to telephone calls. *See In re U.S.*, 441 F. Supp. 2d 816, 818 (S.D. Tex. 2006).

Section § 638.51 makes it unlawful to "install or use a pen register or a trap and trace device without first obtaining a court order pursuant to Section 638.52 or 638.53." Thus, by its plain language, Section 638.51 only precludes the use of trap and trace devices that can be used before a court order is obtained. To obtain a court order, however, law enforcement must provide specific information related to the particular telephone they are seeking to trap and trace. *See* Cal. Penal Code § 638.52(d)(1)-(3) (requiring an order "authorizing or approving the installation and use of a pen register or a trap and trace device" shall specify, inter alia, the "identity, if known, of the person to whom is leased or in whose name is listed the telephone line to which the pen register or trap and trace device is to be attached" and the "number and, if known, physical location of the telephone line to which the pen register or trap and trace device is to be attached[.]"). These provisions, when read with the entire statute, demonstrate that Section 638.51 refers specifically



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

to interception of specific, targeted telephonic communications, and not to general website tracking software. Because cookies and pixel technologies do not involve telephonic communications and cannot be connected to a telephone line, they cannot constitute a trap and trace device under Section 638.51. *Accord Aviles v. Liveramp, Inc.*, No. 24STCV19869, 2025 WL 487196, at *2 (Cal. Super. Ct. Jan. 28, 2025) (sustaining demurrer to CIPA claim, noting that plaintiff failed to provide authority showing the category of information collected by pen registers as defined by the statute has been expanded); *Sanchez v. Cars.com Inc.*, No. 24STCV13201, 2025 WL 487194, at *3 (Cal. Super. Ct. Jan. 27, 2025) ("the legislative history of the CIPA suggests that 'pen register' and 'trap and trace devices' refers to devices or processes that are used to record or decode dialing, routing, addressing, or signaling information from telephone numbers, not internet communications such as websites").

Several cases involving similar allegations have held that a trap and trace device does not apply to website technologies like cookies and pixels. *See, e.g.*, *Licea v. Hickory Farms LLC*, No. 23STCV26148, 2024 WL 1698147, at *4 (Cal. Super. Ct. Mar. 13, 2024); *In re the Application of the U.S. for an Ord. Authorizing the Installation & Use of a Pen Reg. & Trap & Trace Device*, 890 F. Supp. 2d 747, 751 (S.D. Tex. 2012) (dismissing trap and trace claim because a trap and trace device must be attached to a specific telephone number or account as opposed to all devices within a general vicinity).

The legislative history of Section 638.51 further illustrates that the statute was never intended to apply to cookies and pixel technologies. In 2015, the Legislature enacted Assembly Bill 929, which introduced various trap and trace provisions to the California Penal Code. See 2015 California Assembly Bill No. 929, California 2015–2016 Regular Session ("Assembly Bill 929"). Assembly Bill 929's legislative history clearly demonstrates an intent to limit its application to telephonic devices. For example, the Legislative Counsel's Digest explains that the "bill would clarify that any location information obtained by a pen register or a trap and trace device is limited to the information that can be determined ***from the telephone number***." *Id.* (emph. added).



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

Additionally, Regular Session comments limit the application of a pen register to telephones. See Senate Committee on Public Safety Bill Analysis, AB 929, 2015–2016 Regular Session (June 15, 2015) (". . . a pen register/trap and trace device only records the numbers dialed to or from a ***particular phone number***.") (emph. added); Assembly Floor Bill Analysis, AB 929, 2015–2016 Regular Session (July 8, 2015)) ("… a 'pen register' [] allows law enforcement officers to record all outgoing *numbers from a particular* ***telephone line***.") (emph. added).

Thus, the plain language, legislative history, and relevant case law all point to the same conclusion: CIPA was not intended to apply to cookies or pixel technologies.

**6. Plaintiffs' CLRA Claims Fail (Count VI).**

"To properly plead fraud [under the CLRA] with particularity under Rule 9(b), 'a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018). Plaintiffs must also demonstrate actual reliance on the purportedly fraudulent statement. Plaintiffs' claims fail on all accounts. They do not allege which dates they visited the Website, what pages they viewed, how they interacted with them, which tracking entities intercepted what information, or whether the cookie banner was malfunctioning at the time of their visits. Nor do they demonstrate reliance. Plaintiffs allege only that they would not have used the Website or that they "would have considered it important" in deciding whether to use the Website to know that their data was allegedly being tracked and recorded without their consent. Compl. ¶¶ 224, 236. Such conclusory allegations do not establish that Plaintiffs actually saw, read, or relied on any particular statement, much less that any alleged misrepresentation was an immediate cause of their decision to visit or use the Website. Accordingly, Plaintiffs have failed to plead with the specificity required for CLRA claims.

Additionally, to assert an actionable CLRA claim, "plaintiffs must provide at least 30 days' notice to the alleged wrongdoer prior to filing an action for damages" and follow the notice requirements prescribed by Cal. Civ. Code § 1782. *Allen v. Similasan Corp.*, No. 12cv0376-BTM-


BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

WMC, 2013 WL 5436648, at *2 (S.D. Cal. Sept. 27, 2013); *Daly v. Amazon.com, Inc.*, 718 F. Supp. 3d 1378, 1385 (W.D. Wash. 2024); *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1304 (S.D. Cal. 2003) (dismissing CLRA claim with prejudice due to lack of required notice). This notice requirement is strictly applied, and noncompliance results in dismissal of the CLRA claim. *See Allen*, 2013 WL 5436648, at *2 (dismissing a subset of plaintiff's CLRA claims due to insufficient notice); *In re Ambry Genetics Data Breach Litig.*, 567 F. Supp. 3d 1130, 1149 (C.D. Cal. 2021) (dismissing plaintiffs' CLRA claim for failure to provide similar thirty-day pre-suit notice). Plaintiffs do not allege that they notified Funko of alleged CLRA violations before they filed their Complaint in May 2026 (and Funko has no record of such notice). Thus, this claim should be dismissed.

Additionally, Plaintiffs Dirksen's and Copaken's CLRA claims should be dismissed because they did not purchase services or products from Funko. Compl. ¶¶ 19–20. Under the CLRA, "a plaintiff may bring a claim when 'any person' uses a statutorily prohibited trade practice 'in a transaction . . . which results in the sale or lease of goods or services to any ***consumer***.'" *In re Capital One Consumer Data Sec. Breach Litig.*, 488 F. Supp. 3d 374, 420 (E.D. Va. 2020) (quoting Cal. Civ. Code § 1770) (emph. added). Based on the definition of "consumer" in Cal. Civ. Code § 1761(d), only the individual who actually purchased the service or product may assert a CLRA claim. *Dubbs v. Glenmark Generics Ltd.*, No. CV 14-346 RSWL (MRWx), 2014 WL 1878906, at *7 (C.D. Cal. May 9, 2014) ("Without any allegations that Plaintiff personally acquired or attempted to acquire the [product] at issue here, his CLRA claim necessarily must fail."); *Kleffman v. Vonage Holdings Corp.*, No. CV 07-2406GAFJWJX, 2007 WL 1518650, at *1 (C.D. Cal. May 23, 2007), *aff'd*, 387 F. App'x 696 (9th Cir. 2010) (Plaintiff "lacks standing to bring the CLRA claim because he is not a 'consumer' within the meaning of the statute, as he does not allege that he acquired or sought to acquire [Defendant's] . . . services."). Thus, Plaintiffs Dirksen and Copaken's CLRA claims should be dismissed on this separate ground.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

**7. Plaintiffs' Unfair Competition Claims Fail (Count VII).**

Plaintiffs' UCL claim fails on two grounds: (a) as explained *supra*, because Plaintiffs have failed to state facts showing their private information was disclosed to any third party, they have failed to establish any "unlawful, unfair, or fraudulent" business practice under Bus. & Prof. Code § 17200; and (b) Plaintiffs have not shown that they "lost money or property" because of Funko's conduct, as required under the UCL. To pursue a UCL claim, Plaintiffs must show they "lost money or property" because of Funko's conduct. *See* Cal. Bus. & Prof. Code § 17204. Funko's Website is public and free and Plaintiffs paid no money to use it. While Plaintiffs claim that their information has "quantifiable value," (Compl. ¶ 48), because Plaintiffs "do[] not adequately allege that [they] can no longer avail [themselves] of any such markets due to the alleged disclosure of [their] information," Plaintiffs "do[] not plausibly allege economic injury resulting from the alleged conduct." *Doe v. Eating Recovery Ctr. LLC*, No. 23-CV-05561-VC, 2024 WL 2852210, at *1 (N.D. Cal. June 4, 2024) (dismissing UCL claim premised on allegations that defendant used the Meta Pixel to disclose website visitor's medical information without their consent). Plaintiffs are left with conclusory allegations that they "would have considered it important to the decision to visit [Funko's] Website to know that their data was being tracked and recorded without their consent." (Compl. ¶ 224), despite not alleging that the products they purchased were worth less than what they bargained for. These allegations are "untethered in any way to Plaintiffs' experiences," and are therefore "insufficient to plead damages under the consumer protection laws." *Libman v. Apple, Inc.*, No. 22-CV-07069-EJD, 2024 WL 4314791, at *19 (N.D. Cal. Sept. 26, 2024).

**8. Plaintiffs' Common Law Fraud, Deceit, and/or Misrepresentation Claims Fail (Count VIII).**

In Washington, to prevail on a common law claim of fraud, the plaintiff must establish each of the following elements: "(1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the trust of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff." *Stiley v. Block*, 130 Wash.2d 486, 504 (1996). As discussed above, Plaintiffs fail to plead when they visited the Website; facts demonstrating what data was collected from them during their visits; or facts showing Funko knew any challenged cookie or third-party resource would operate despite the banner. Nor do Plaintiffs plead actual reliance, Funko's knowledge, or resulting damage with the required particularity. Plaintiffs' "formulaic recitation of the elements" of fraud lacks factual support and cannot surmount the *Twombly*/*Iqbal* standard, let alone the ***heightened pleading standard under Rule 9(b)***. *See Twombly*, 550 U.S. at 555; Compl. ¶¶ 227–39. Plaintiffs' fraud claim should therefore be dismissed.[4]

**9. Plaintiffs' Unjust Enrichment Claims Fail (Count IX).**

Plaintiffs' unjust enrichment claim is improper and must be dismissed. Plaintiffs must plausibly allege the specific benefit received and unjustly retained by Funko. *See Young v. Young*, 164 Wash.2d 477, 484, 191 P.3d 1258 (2008); *California Crane Sch., Inc. v. Google LLC*, 722 F. Supp. 3d 1026, 1042 (N.D. Cal. 2024); *Cherkin v. PowerSchool Holdings, Inc.*, No. 24-cv-02706-JD, 2025 WL 844378, at *7 (N.D. Cal. Mar. 17, 2025). Here, the Complaint fails to allege any such benefit; the Website is free and publicly accessible. Moreover, restitution cannot be claimed absent a sufficiently pled actionable misrepresentation. *Austin v. Ettl*, 171 Wash. App. 82, 92, 286 P.3d 85, 91 (2012) (dismissing unjust enrichment claim along with misrepresentation claim because defendant never made misrepresentation); *Rojas Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1120 (N.D. Cal. 2016). As discussed above, Plaintiffs have not alleged fraud with the requisite particularity. Finally, without the other claims, Plaintiffs' claim for unjust enrichment fails. *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1143 (9th Cir. 2010) (holding unjust enrichment "fares no better" where it seeks to vindicate the same injury and alleged promises as

[4] Plaintiffs' fraud claim also fails under California law for failure to plead the requisite elements, e.g., actual reliance, Funko's knowledge, and damages. *See In re Facebook Privacy. Litig.*, 791 F. Supp. 2d at 717 (listing California's fraud elements).



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

the failed underlying theories through an implied-contract theory); *Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099, 1106 (N.D. Cal. 2007).

## IV. CONCLUSION

For the foregoing reasons, Funko respectfully requests that Plaintiffs' Complaint be dismissed in its entirety with prejudice.

DATED this July 17, 2026.

Respectfully submitted,

**BAKER & HOSTETLER LLP**

*s/ Alexander Vitruk*

Paul G. Karlsgodt, WSBA #40311
Alexander Vitruk, WSBA #57337
Logan F. Peppin, WSBA #55704
Sara Becker-Mayer, WSBA #64308
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Phone: (206) 332-1380
E-mails: pkarlsgodt@bakerlaw.com
avitruk@bakerlaw.com
lpeppin@bakerlaw.com
sbeckermayer@bakerlaw.com

I certify that this document contains 8392 words, in compliance with Local Civil Rules

*Attorneys for Defendant Funko, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2026, a true and correct copy of the foregoing document was served via CM/ECF and/or e-mailed to counsel below:

Kim D. Stephens, P.S., WSBA #11984
1200 Fifth Avenue, Suite 1700
Seattle, Washington, 98101
Telephone: 206.682.5600
Fax: 206.682.2992
E-mail: kstephens@tousley.com

Rebecca L. Solomon, WSBA #51520
1200 Fifth Avenue, Suite 1700
Seattle, Washington, 98101
Telephone: 206.682.5600
Fax: 206.682.2992
E-mail: rsolomon@tousley.com

Mark S. Reich (pro hac vice forthcoming)
LEVI & KQRSINSKY, LLP
33 Whitehall Street, 27th Floor
New York, NY 10004
Telephone: 212.363.7500
Fax: 212.363.7171
E-mail: mreich@zlk.com

*Attorneys for Plaintiffs and the Proposed Class*

*s/ Jaya Field*

Legal Assistant