THE HONORABLE JOHN H. CHUN

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| PETER DIRKSEN, AVIVA COPAKEN, and STEVEN BELTRAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FUNKO, LLC,<br><br>Defendant. | Case No. 2:26-cv-01585-JHC<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT FUNKO, LLC'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AS TO PLAINTIFF BELTRAN**<br><br>NOTE ON MOTION CALENDAR:<br>September 14, 2026 |



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................ 1

BACKGROUND ........................................................................................................ 1

LEGAL STANDARD ................................................................................................. 4

ARGUMENT ............................................................................................................. 4

I. It is Proper For The Court to Determine The Validity of Any Purported Arbitration Agreement Between Plaintiff Beltran and Defendant ........................................ 4

II. Defendant Has Not Established the Existence of a Valid Arbitration Agreement by a Preponderance of the Evidence ........................................................ 5

III. Even If A Binding Agreement Exists, the Arbitration Provision is Unenforceable Because It is Substantively Unconscionable ........................................ 7

IV. The Court Should Deny the Request for the Stay ........................................ 8

V. Defendant Cannot Cure the Defects in the Motion Record in Its Reply ................ 9

VI. Plaintiff Beltran Is Entitled to Discovery into Arbitrability ............................ 9

CONCLUSION ........................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Adler v. Fred Lind Manor,*
153 Wn.2d 331, 103 P.3d 773 (2004) ........ 7

*Application of Deiulemar Compagnia Di Navigazione, S.P.A. v. M/V Allegra*,
198 F.3d 473 (4th Cir. 1999) ........ 9

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011) ........ 7

*Aurandt v. Range View Mgmt., LLC,*
No. CV25-5785-BHS, 2026 WL 1693810 (W.D. Wash. June 11, 2026) ........ 6

*Berman v. Freedom Fin. Network, LLC,*
30 F.4th 849 (9th Cir. 2022) ........ 4

*Brennan v. Opus Bank*,
796 F.3d 1125 (9th Cir. 2015) ........ 4

*Carrera v. Whitepages, Inc.*,
No. 2:24-cv-01408-JHC, 2025 WL 1635236 (W.D. Wash. June 9, 2025), aff'd, Case No. 25-4219, 2025 WL 2846447 (9th Cir. Sept. 25, 2025) ........ 1, 9

*Chabolla v. ClassPass Inc.*,
129 F.4th 1147 (9th Cir. 2025) ........ 4

*Davis v. Nordstrom, Inc.*,
755 F.3d 1089 (9th Cir. 2014) ........ 4

*Docusign, Inc. v. Sertifi, Inc.*,
468 F. Supp.2d 1305 (W.D. Wash. 2006) ........ 9

*Duffy v. Yardi Sys., Inc.*,
No. 2:23-CV-01391-RSL, 2024 WL 5049074 (W.D. Wash. Dec. 5, 2024) ........ 3

*Gandee v. LDL Freedom Enters., Inc.*,
176 Wash. 2d 598, 293 P.3d 1197 (2013) ........ 8

*Hansen v. LMB Mortg. Servs.,*
1 F.4th 667 (9th Cir. 2021) ........ 5

*Jacobson Warehouse Co., v. Lindt & Sprungli N. Am.*,
No. C19-1889-TLN-AC, 2021 WL 5087622 (E.D. Cal. Nov. 1, 2021) ........ 6

*Johnson v. Walmart Inc.*,
57 F.4th 677 (9th Cir. 2023) .......... 4

*Kuhk v. Playstudios Inc*,
No. 2:24-CV-00460-TL, 2026 WL 279383 (W.D. Wash. Feb. 3, 2026) .......... 9

*Kuhk v. Playstudios Inc.,*
No. 2:24-CV-00460-TL, 2024 WL 4529263 (W.D. Wash. Oct. 18, 2024).......... 4, 5, 6

*Kum Tat Ltd. v. Linden Ox Pasture, LLC*,
845 F.3d 979 (9th Cir. 2017) .......... 5

*McKee v. AT&T Corp.*,
164 Wash. 2d 372, 191 P.3d 845 (2008).......... 7

Obesity Research. Inst., LLC v. Fiber Research. Int'l, LLC,
310 F. Supp. 3d 1089 (S.D. Cal. 2018).......... 6

*Reichert v. Rapid Invs. Inc.*,
56 F.4th 1220 (9th Cir. 2022) .......... 4

*Stowe v. Hearst Mag. Media, Inc.*,
No. 1:25-CV-01128-JCG, 2026 WL 1678204 (D. Del. June 10, 2026) .......... 6

*Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*,
925 F.2d 1136 (9th Cir. 1991) .......... 5

*White v. PayPal Holdings Inc.*,
821 F. Supp. 3d 1058 (N.D. Cal. 2026) .......... 6

*Zuver v. Airtouch Communications*,
153 Wash. 2d 293, 103 P.3d 753 (2004).......... 7

**Statutes**

9 U.S.C. § 2.......... 4

**Rules**

FRCP 81(a)(6)(B) .......... 9



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Plaintiff Steven Beltran ("Plaintiff" or "Beltran") respectfully submits this Opposition to Defendant Funko, LLC's ("Funko" or "Defendant") Motion to Compel Arbitration and Stay Proceedings as to Plaintiff Beltran (ECF No. 12) (the "Motion").

## INTRODUCTION

As the party seeking to compel arbitration, Funko bears the burden of proving, by a preponderance of the evidence, that a valid arbitration agreement was formed. Here, Funko has failed to produce any evidence establishing that Beltran[1] ever agreed to arbitrate, accepted any version of Defendant's Terms and Conditions ("Terms"), or otherwise assented to any arbitration provision.[2] *See Carrera v. Whitepages, Inc.*, No. 2:24-cv-01408-JHC, 2025 WL 1635236, at *3-4 (W.D. Wash. June 9, 2025), aff'd, Case No. 25-4219, 2025 WL 2846447 (9th Cir. Sept. 25, 2025) (Chun, J.) (denying motion to compel arbitration where defendant failed to show a valid agreement to arbitrate existed, presenting no evidence apart from a screenshot of a website sign-in page). Moreover, and quite troubling, the single copy of the Terms set forth in Funko's Motion, which Funko insists applies to Beltran, is ***undated.*** And even if Funko had established contract formation, which it has not, the arbitration provision it seeks to enforce is unconscionable. Accordingly, Funko's Motion must be denied.

## BACKGROUND

Plaintiffs' Class Action Complaint ("Compl.") (ECF No. 1) arises from Funko's unlawful interception, collection, and transmittal of Plaintiffs' personal information, and the information of numerous other web users, through the operation of its website https://www.funko.com (the "Website"), despite promising that users could opt not to have their information tracked and shared.

---

[1] Defendant's Motion seeks to compel arbitration of Beltran's claims only.

[2] *See generally* Declaration of Alex Winney in Support of Defendant's Motion (ECF No. 13) ("Winney Decl.").

Funko operates a consumer-facing website through which customers purchase merchandise, create accounts, manage orders, enroll in loyalty programs, and interact with customer support. Compl. ¶¶ 1-2. Funko embeds third-party tracking technologies that begin collecting detailed information about users and their browsing activities, purchases, preferences, and other personal data as soon as they visit the Website. *Id.* ¶¶ 4-9. When users access the Website, a Cookie Banner is displayed that purports to permit users to select cookie and tracking preferences. *Id.* ¶¶ 4-9.

Beltran, a California resident and long-time Funko customer, accessed the Website from California and expressly rejected the use of nonessential tracking technologies believing Funko's representations that doing so would prevent the collection and sharing of his personal information beyond what was necessary for the Website to function. *Id.* ¶¶ 7, 11, 21. These representations were false.

*First*, the Website begins collecting users' personal information as soon as a user first visits the Website, before providing meaningful notice or obtaining user consent. *Id.* ¶¶ 8-9. *Second*, even after users expressly rejected the sale or sharing of their personal data, Funko continued to collect and transmit that information to third parties. *Id.* ¶¶ 9-10.

On June 18, 2026, at the request of Defendant, and to assist Defendant in its investigation of the claims asserted in this action, Plaintiffs' counsel provided Defendant the email addresses used to access the website by all three Plaintiffs. *See* Declaration of Christopher DeVivo ("DeVivo Decl."). Plaintiffs' counsel provided Plaintiffs' emails under a reciprocal request that Defendant's counsel would share any information relating to the claims and in advance of any motion. *Id.*

Despite Plaintiffs' agreement to share Beltran's email address prior to the commencement of discovery, provided that Defendant produce any information related to Plaintiffs, Funko has



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

not produced evidence identifying the exact date when Beltran first visited the Website, created an account, or purportedly assented to arbitration.

Indeed, the Winney Decl. states that "Exhibit A is a true and correct copy of a screenshot of Defendant's Terms and Conditions, which…were in effect at the time Plaintiff Steven Beltran opened an account on www.funko.com" (Winney Decl. at ¶ 4) (emphasis added). The Winney Decl. fails to provide the date Beltran opened his account (*see* Winney Decl., *generally)*—which is a substantial omission because the date Beltran opened his account controls what version of the Terms purportedly applies here, and Defendant ostensibly has Beltran's email on file. Notably, the Terms attached as Exhibit A to the Winney Decl. (the "Motion Terms") are not dated.

Defendant's Exhibits B and C also fail to establish when Beltran signed up for an account. Exhibit B purportedly shows a July 6, 2026, screenshot of the Website's "Create Account" page. *Id.* Exhibit C purportedly shows a July 16, 2026, screenshot of the same page populated with test information. *Id.* Exhibit C merely establishes how Funko's Website behaved for that test user in July 2026; it does not itself establish what Beltran encountered when he created his account on an earlier, unidentified date. Again, Defendant provides no evidence, other than generalized assertions based on a review of "Defendant's records and systems," that these "Create Account" pages were the exact screens in effect at the time Beltran created his account. *See* Winney Decl., at ¶ 6.

The Website currently states that the Terms were last updated in September 2025 ("Current Terms"); however, these Terms differ from the Motion Terms.[3] Additionally, the

---

[3] *Terms and Conditions*, FUNKO (last updated Sept. 17, 2025) https://funko.com/on/demandware.store/Sites-FunkoUS-Site/en_US/Page-Show?cid=general-terms-and-conditions-english (last visited Aug. 21, 2026). The Court may take judicial notice of the existence and contents of a publicly displayed webpage under Federal Rule of Evidence 201(b). *See Daniels-Hall*, 629 F.3d at 998–99 (taking judicial notice of information "displayed publicly" on websites where authenticity and accuracy were not disputed); *Duffy v. Yardi Sys., Inc.*, No. 2:23-CV-01391-RSL, 2024 WL 5049074, at 2 (W.D. Wash. Dec. 5, 2024) (finding that



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Motion does not recount when the Motion Terms were last updated nor explain how many versions of the Terms existed throughout the class period.

## LEGAL STANDARD

The FAA "requires district courts to compel arbitration of claims covered by an enforceable arbitration agreement." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022). In deciding whether to compel arbitration, a court must determine two issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. *See Johnson v. Walmart Inc.*, 57 F.4th 677, 680–81 (9th Cir. 2023). Courts apply ordinary state-law principles of contract formation to this determination. *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1093 (9th Cir. 2014). An arbitration agreement may be invalidated by generally applicable contract defenses, including unconscionability. 9 U.S.C. § 2; *see also Reichert v. Rapid Invs. Inc.*, 56 F.4th 1220, 1227 (9th Cir. 2022).

The moving party bears the burden on a motion to compel arbitration. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015); *Chabolla v. ClassPass Inc.*, 129 F.4th 1147, 1153 (9th Cir. 2025); *see also Kuhk v. Playstudios Inc.,* No. 2:24-CV-00460-TL, 2024 WL 4529263 (W.D. Wash. Oct. 18, 2024), ("applying the summary-judgment standard to a motion to compel arbitration and holding that "any doubt is resolved in favor of the nonmoving party").

## ARGUMENT

### I. It is Proper For The Court to Determine The Validity of Any Purported Arbitration Agreement Between Plaintiff Beltran and Defendant

Funko contends that the arbitrator must decide all threshold questions of arbitrability. Not so.

Until the Court finds an enforceable arbitration agreement exists, that agreement's terms (including any purported delegation provisions) are not binding. *See Kum Tat Ltd. v. Linden Ox*

---

"the existence of the webpage meets the standards for judicial notice set forth in Federal Rule of Evidence 201(b)") (internal citation omitted).



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Pasture, LLC*, 845 F.3d 979, 983 (9th Cir. 2017) ("Although challenges to the validity of a contract with an arbitration clause are to be decided by the arbitrator, challenges to the very existence of the contract are, in general, properly directed to the court.") (internal citations omitted). Here, Plaintiff's opposition calls into question whether any such contract was formed. This is a challenge to "the very existence of the contract" and therefore this question cannot be delegated to the arbitrator. *Kum Tat Ltd.*, 845 F.3d at 983.

## II. Defendant Has Not Established the Existence of a Valid Arbitration Agreement by a Preponderance of the Evidence

Where there is a genuine dispute as to the existence of an arbitration agreement, a motion to compel arbitration is decided on the summary judgment standard. *Hansen v. LMB Mortg. Servs.,* 1 F.4th 667, 670 (9th Cir. 2021). A court may compel arbitration only if, viewing the evidence in the light most favorable to the party opposing arbitration, no genuine dispute of material fact exists regarding the agreement's formation. *See Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1141 (9th Cir. 1991). Funko's Motion falls short.

Here, a genuine dispute of material fact exists regarding the agreement's formation. Funko has provided no evidence establishing when Beltran first visited the Website, created his account, or when the Motion Terms took effect, despite having received Beltran's email address from Plaintiffs' counsel before filing this Motion. Instead, Defendant attaches several exhibits untethered to Beltran — including a single, undated copy of the Terms (the "Motion Terms"). *See* Ex. A. Absent evidence beyond mere speculation and assurances that the Motion Terms apply to Beltran (*see* Winney Decl. ¶ 4), such terms are not binding. *See Kuhk*, 2024 WL 4529263, at *5 (denying arbitration because "[d]efendant does not state the date when these Terms of Service were first adopted").

Moreover, the Motion also relies on the ***current*** "Create Account" screen (Mot. at 7) and argues that because the current Website appears to require individuals creating accounts to click a box accepting Funko's current Terms of Service, Beltran ***must*** have been required to do the



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

same when he created his account, which Funko has not established. Beltran cannot be bound by an unsupported inference. *See Obesity Research. Inst., LLC v. Fiber Research. Int'l, LLC*, 310 F. Supp. 3d 1089, 1104 (S.D. Cal. 2018) ("[D]eclarations that contain only conclusory statements, instead of specific facts, are insufficient unless accompanied by other evidence to corroborate the statements."); *Kuhk*, 2024 WL 4529263, at *4 (denying arbitration where the declaration failed to identify any specific facts establishing how the declarant knew that plaintiff accepted defendant's terms of service, or how long the declarant had served in either of his two roles with Defendant, or how the declarant acquired knowledge of the parties' transactions in connection with those roles); *Jacobson Warehouse Co., v. Lindt & Sprungli N. Am.*, No. C19-1889-TLN-AC, 2021 WL 5087622, at *7 (E.D. Cal. Nov. 1, 2021) (declining to draw inferences that declarant had personal knowledge of the parties' transactions where declaration did not detail or offer evidence of such knowledge). Again, without knowing how the exact "Create Account" interface was presented to Beltran, and when, there is no way to assess whether he had inquiry notice of such Terms. *See Aurandt v. Range View Mgmt., LLC,* No. CV25-5785-BHS, 2026 WL 1693810, at *6 (W.D. Wash. June 11, 2026) (denying arbitration where "the Court cannot decide as a matter of law whether [plaintiff] consented to arbitration because there are genuine factual disputes about whether she completed the clickwrap agreement"); *see also White v. PayPal Holdings Inc.*, 821 F. Supp. 3d 1058, 1068 (N.D. Cal. 2026) (denying to compel arbitration where declaration failed to establish whether past versions of the account screen differed from that of the current version); *Stowe v. Hearst Mag. Media, Inc.*, No. 1:25-CV-01128-JCG, 2026 WL 1678204, at *3 (D. Del. June 10, 2026) (denying arbitration where defendant's "illustrative examples" that "speculate about what [p]laintiffs would have agreed to are insufficient to show that [p]laintiffs had inquiry notice of the arbitration provision"). Accordingly, there is no evidence on the Motion record that shows Beltran manifested assent to any such Terms.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## III. Even If A Binding Agreement Exists, the Arbitration Provision is Unenforceable Because It is Substantively Unconscionable

Under Washington law, unconscionability may be procedural or substantive, and either may independently support nonenforcement. *Adler v. Fred Lind Manor,* 153 Wn.2d 331, 345, 103 P.3d 773 (2004). "Substantive unconscionability involves those cases where a clause or term in the contract is alleged to be one-sided or overly harsh," while "[p]rocedural unconscionability is 'the lack of a meaningful choice, considering all the circumstances surrounding the transaction including'" *Id.* (internal citations omitted). The arbitration provision Funko seeks to enforce contains a high degree of substantive unconscionability, as well as elements of procedural unconscionability.

Washington law recognizes that arbitration provisions requiring blanket confidentiality in contracts of adhesion are substantively unconscionable because they unfairly favor the drafting party. *See* In *Zuver v. Airtouch Communications*, 153 Wash. 2d 293, 103 P.3d 753 (2004) (finding a confidentiality provision in an arbitration clause substantively unconscionable because it operated almost exclusively for the benefit of the repeat player defendant by preventing plaintiffs from learning about similar claims and arbitration outcomes). The Washington Supreme Court extended *Zuver's* reasoning to a consumer contract in *McKee v. AT&T Corp.*, 164 Wash. 2d 372, 191 P.3d 845 (2008), *abrogated on other grounds by AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011), holding a confidentiality provision was substantively unconscionable because it unfairly advantaged the repeat player business defendant while frustrating Washington's "strong policy that justice should be administered openly and publicly." 191 P.3d at 858.

Here, the arbitration clause in the Motion Terms Funko seeks to enforce contains precisely the type of confidentiality provision the Washington Supreme Court has condemned. It provides that "[a]ll arbitration proceedings between the parties will be confidential." Ex. A ¶ 24(e). Like the provisions invalidated in *Zuver* and *McKee*, Funko's confidentiality requirement, which prohibits Website users from sharing pleadings, discovery, testimony, hearings, or awards,



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

insulates Funko from public scrutiny and prevents consumers from learning whether other purchasers have asserted similar claims or obtained similar relief.

Seemingly, Funko has recognized that the confidentiality provision renders the Motion terms unconscionable and unenforceable. Funko's Current Terms do not include the expansive confidentiality requirement it asks the Court to enforce. *See* **Exhibit 1** (evidencing that the confidentiality agreement has been removed). The Current version of Funko's Terms only requires the parties to cooperate in seeking protection for confidential discovery materials if discovery is ordered. Although subsequent revisions do not constitute a legal admission, they are telling: Funko eliminated a central feature of the arbitration provision it now seeks to enforce against Beltran, one the Washington Supreme Court held was unfair to plaintiffs, and replaced it with a much narrower provision. The revision supports Plaintiffs' contention that the (abandoned) arbitration provision Funko seeks to enforce is substantively unconscionable.[4]

Although severance is ordinarily the remedy for a discrete substantively unconscionable provision, Washington courts will decline to sever where unconscionable provisions "pervade" an arbitration agreement such that severance would require the Court effectively to rewrite the parties' bargain. *Gandee v. LDL Freedom Enters., Inc*., 176 Wash. 2d 598, 293 P.3d 1197 (2013). Here, Beltran maintains that the arbitration provision as a whole should be held unenforceable.

## IV. The Court Should Deny the Request for the Stay

The Court should deny Defendant's request to stay this suit since Defendant has failed to carry its burden of proving an enforceable arbitration agreement exists with Beltran, and the stay

[4] Both the Current Terms and the Motion Terms are procedurally unconscionable because they constitute a contract of adhesion, formed against a backdrop of starkly unequal bargaining power between individual consumers and a sophisticated corporate entity. Consumers could not negotiate or modify the Terms. Although unequal bargaining power alone does not establish procedural unconscionability (*see Jackson v. Premium Retail Services LLC*, 2026 WL 2174761, at *6 (W.D. Wash. Feb. 16, 2026), it supports Beltran's broader unconscionability argument.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

request is contingent on the existence of a valid arbitration agreement. *See Carrera*, 2025 WL 1635236 at * 4.

**V. Defendant Cannot Cure the Defects in the Motion Record in Its Reply**

As this Court recognized in an analogous situation in *Carrera,* this Court should not consider any evidence that Defendant presents for the first time in its reply briefing. 2025 WL 1635236 at *1. "It is well established that new arguments and evidence presented for the first time in Reply are waived." *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp.2d 1305, 1307 (W.D. Wash. 2006) (citing *United States v. Patterson*, 230 F.3d 1168, 1172 (9th Cir. 2000)); *see also Kuhk v. Playstudios Inc*, No. 2:24-CV-00460-TL, 2026 WL 279383, at *4 (W.D. Wash. Feb. 3, 2026) (denying defendant's request to introduce new evidence on a renewed motion where defendant had the capability to produce the evidence in the first instance and where "defendant chose to roll the dice and not pursue any discovery at the outset before filing its original motion to compel").

**VI. Plaintiff Beltran Is Entitled to Discovery into Arbitrability**

Should the Court not deny Defendant's motion to compel outright, Plaintiff Beltran respectfully requests that the Court permit him to conduct limited discovery on the issue of his alleged consent to arbitration. In determining whether to stay or compel arbitration, a district court may order discovery pursuant to Rule 26 on matters limited to the existence of an arbitration agreement. *See Application of Deiulemar Compagnia Di Navigazione, S.P.A. v. M/V Allegra*, 198 F.3d 473, 482 (4th Cir. 1999); *see also* FRCP 81(a)(6)(B).

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff Beltran respectfully requests that the Court deny Defendant's motion to compel arbitration in its entirety.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Respectfully submitted this 24th day of August, 2026.

I certify that this document contains 2,876 words in compliance with the Local Civil Rules.

**TOUSLEY BRAIN STEPHENS PLLC**

*/s/ Kim D. Stephens, P.S.*
*/s/ Rebecca L. Solomon*
Kim D. Stephens, P.S., WSBA #11984
kstephens@tousley.com
Rebecca L. Solomon, WSBA #51520
rsolomon@tousley.com
1200 Fifth Avenue, Suite 1700
Seattle, Washington, 98101
Telephone: 206.682.5600/Fax: 206.682.2992

*/s/ Christopher V. DeVivo*
Christopher V. DeVivo*
cdevivo@zlk.com
Mark S. Reich*
mreich@zlk.com
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 27th Floor
New York, NY 10004
Telephone: 212.363.7500/Fax: 212.363.7171

*Attorneys for Plaintiffs and the Proposed Class*

*admitted *pro hac vice*