THE HONORABLE JOHN H. CHUN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

PETER DIRKSEN, AVIVA COPAKEN, and STEVEN BELTRAN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

FUNKO, LLC,

Defendant.

Case No. 2:26-cv-01585-JHC

**FUNKO, LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

NOTE ON MOTION CALENDAR: September 14, 2026

**ORAL ARGUMENT REQUESTED**



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

## I. INTRODUCTION

Plaintiffs' Opposition does not cure the Complaint's fundamental defects. Plaintiffs allege that tracking technologies collected routine browsing information from Funko's public retail website ("Website"), but they still do not identify the specific information collected from them, explain how its collection caused a concrete injury, or plead facts satisfying the elements of their nine claims. Their claims also fail independently because Washington law applies, the alleged conduct does not constitute a highly offensive invasion of privacy or an unlawful interception, and Plaintiffs have not adequately alleged fraud, economic loss, or unjust enrichment. The Court should dismiss the Complaint with prejudice.

## II. LEGAL ARGUMENT

### A. Plaintiffs' Claims Should Be Dismissed with Prejudice Under Rule 12(b)(1) Because They Fail to Establish Article III Standing.

Plaintiff argues that unauthorized website tracking, coupled with a generalized interest in controlling personal information, is enough to establish a concrete injury. In *Popa v. Microsoft Corp.*, 153 F.4th 784, 790-94 (9th Cir. 2025), the Ninth Circuit firmly rejected this argument, and held that Article III instead requires a plaintiff to identify an injury with a close relationship to a traditionally actionable harm. *Id*. Plaintiffs cite *Dellasala v. Samba TV, Inc.*, No. 3:25-CV-03470-JSC, 2026 WL 1138358, at *3 (N.D. Cal. Apr. 21, 2026) and *Harris v. iHeartMedia, Inc.*, No. 25-CV-06038-EKL, 2026 WL 247875, at *2 (N.D. Cal. Jan. 29, 2026) to argue that, unlike in *Popa*, Funko's alleged tracking was more invasive because, as the website operator (as opposed to the technology provider, *i.e.*, Microsoft in *Popa*), Funko caused the collected information to be disclosed to third parties. Opp. at 5. But that argument elevates the identity of the defendant over the nature of the alleged injury. The Article III inquiry focuses on whether plaintiffs have alleged a concrete injury bearing a close relationship to a traditionally recognized harm, not on whether the defendant is a website operator or a third-party technology provider. Plaintiffs here and in *Popa* assert substantially the same privacy injury arising from materially similar tracking technologies



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

and categories of information. If anything, the allegedly greater privacy concern would arise where a third-party data aggregator collects information across numerous websites, as was alleged in *Popa*, rather than where a website operator allegedly shares information regarding visits to its own website. Yet the Ninth Circuit held in *Popa* that such allegations did not establish standing absent a traditionally recognized concrete injury. Plaintiffs offer no principled basis for concluding that the identity of the defendant changes that analysis. *See Garcia v. Blackhawk Network, Inc.*, No. 2:25-CV-07550-JLS-SSC, 2026 WL 925028, at *5 (C.D. Cal. Apr. 1, 2026) (distinguishing cases involving data aggregators that allegedly compiled "cradle-to-grave" consumer profiles across the internet from cases involving website operators alleged to have disclosed information concerning visits to their own websites).

As in *Popa*, the alleged injury is insufficient because ordinary retail browsing is not closely related to a traditionally actionable privacy harm. 153 F.4th at 791 (holding no protectable privacy interest in browsing activity on a pet supply website). *Dellasala* also involved video viewing data, which the court noted is especially sensitive. *Id.* (citing *Osheske v. Silver Cinemas Acquisition Co.*, 132 F.4th 1110, 1114 (9th Cir. 2025)) (discussing the passage of the Video Privacy Protection Act. and legislators' "outrage" over "the disclosure of Judge Bork's video rental history"). The information collected here is far more analogous to the store browsing information at issue in *Popa* that is not actionable at common law, rather than the video data in *Dellasala* or sensitive health and financial data. *See* Opp. at 8 (citing *Shah v. MyFitnessPal, Inc.*, 824 F.Supp.3d 906, 914 (N.D. Cal. 2026)).

Nor does the alleged failure of the opt-out mechanism create a concrete injury. *See* Opp. at 5-6 (citing *Correia v. Lulu & Georgia, Inc.*, No. 3:26-CV-01186-GPC-JLB, 2026 WL 2343093, at *1 (S.D. Cal. Aug. 12, 2026)). It may bear on notice or consent, but it does not change the nature of the alleged privacy harm. *Popa*, 153 F.4th at 791. Indeed, *Garcia* found no standing on nearly identical allegations involving an opt-out mechanism. 2026 WL 925028, at *6. [1]

---

[1] Plaintiffs' other authorities fail for the same reason, an opt-out mechanism speaks to notice and consent, not the ultimate alleged loss of data control and privacy injury suffered. *Garcia v.*



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

### B. Plaintiffs' Claims Should Be Dismissed Under Rule 12(b)(6).

#### 1. Plaintiffs' California Statutory Claims Should Be Dismissed Under Choice of Law Principles.

Washington has the most significant relationship to the alleged conduct. The challenged decisions occurred in Washington, where Funko is based and operates the Website, while the alleged nationwide injury is dispersed and fortuitous. *Castillo v. Costco Wholesale Corp.*, No. 2:23-cv-01548-JHC, 2024 WL 4785136 (W.D. Wash. Nov. 14, 2024), involved prescription-related health information and materially different relationships between parties, and does not establish that California law governs every privacy claim brought by a California resident against a Washington company.

The later summary-judgment ruling Plaintiffs rely on in *Garner*, based on a developed record, does not displace its earlier recognition that the situs of injury may be fortuitous when Washington conduct causes dispersed nationwide injury. At the pleading stage, the alleged Washington-based operation of the Website controls.

Plaintiffs' remaining authorities are irrelevant because they permitted CLRA and UCL claims without addressing choice of law. *See* Opp. at 7 (citing *Li v. Amazon.com Servs., LLC*, 751 F.Supp.3d 1138, 1148 (W.D. Wash. 2024); *Daly v. Amazon.com, Inc.*, 718 F.Supp.3d 1378, 1386 (W.D. Wash. 2024); *Viveros v. Audible, Inc.*, No. C23-0925JLR, 2023 WL 6960281, at *11 (W.D. Wash. Oct. 20, 2023)).

#### 2. Plaintiffs' Invasion of Privacy Claims Fail (Counts II and III).

Plaintiffs' intrusion-upon-seclusion claims each require facts showing a protected privacy interest and a highly offensive intrusion. Plaintiffs have pled neither .

---

*Anschutz Ent. Grp., Inc.*, No. 5:25-CV-02282-SSS-DTBx, 2026 WL 1278912, at *3 (C.D. Cal. May 5, 2026) (finding standing without directly distinguishing the case from *Popa*); *Pemberton v. Rest. Brands Int'l, Inc.*, No. 25-CV-03647-JSC, 2025 WL 3268404, at *3 (N.D. Cal. Nov. 24, 2025); *Gabrielli v. Haleon US Inc.*, 815 F.Supp.3d 852, 865-67 (N.D. Cal. 2025); *Vishal Shah v. Politico LLC*, No. 25-cv-05213-NW, 2026 WL 323269, at *4 (N.D. Cal. Feb. 6, 2026).



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

Plaintiffs attempt to distinguish Funko's cited cases by asserting that Funko's cookie banner "created" a reasonable expectation that no information would be collected. Opp. at 7 (citing *Correia*, 2026 WL 2343093, at *4; *Shah v. MyFitnessPal, Inc.*, No. 25-CV-04430-PCP, 2026 WL 216334, at *4 (N.D. Cal. Jan. 27, 2026)). But an alleged preference selection cannot transform ordinary retail browsing data into inherently private information. Plaintiffs identify no sensitive search query, purchase information, or other private communication actually collected from Plaintiffs. Nor do *Brown v. Google LLC*, 685 F. Supp. 3d 909, 941 (N.D. Cal. 2023) or *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 800 (N.D. Cal. 2022) help them. Those cases involved data aggregators that allegedly compiled extensive cross-site consumer profiles, not website operators accused of disclosing limited information about visits to their own websites.

Plaintiffs likewise fail to allege a highly offensive intrusion. They challenge ordinary analytics and advertising technologies used on a public retail website. As *Popa* held, tracking interactions with a pet-supplies website is not remotely analogous to the highly offensive intrusions recognized at common law. 153 F.4th at 792-93; *see also Ortiz v. Foris Dax, Inc.*, No. 25-CV-08950-EMC, 2026 WL 1430720, at *4 (N.D. Cal. May 21, 2026).[2] Plaintiffs' alleged interest in collectibles and retail products similarly does not come close to a highly offensive intrusion. And although Plaintiffs contend that Funko's opt-out banner supplies the necessary "deceit plus" factor creating a highly offensive intrusion, courts confronting materially similar allegations have rejected that argument, holding that alleged misrepresentations about on-site tracking do not convert limited website monitoring into a highly offensive intrusion, as opposed to the highly offensive off-platform tracking in *In re Facebook*. *Ortiz*, 2026 WL 1430720, at *4 (citing *Garcia*, 2026 WL 925028, at *5) (disagreeing with *D'Antonio v. Smith & Wesson Inc.*, 820 F.Supp.3d 928, 935 (N.D. Cal. 2026)).[3] Because Plaintiffs allege only limited on-site tracking and an allegedly

[2] *Gabrielli*, 815 F. Supp. 3d at 868, cited by Plaintiffs, goes against the weight of authority in refusing to decide whether certain types of data are sufficiently highly offensive at the pleading stage. *See* Mot. to Dismiss at 20.

[3] The cases Plaintiffs cite in support are distinguishable because they involve distinctly broader and more private information than alleged here. *See Greenley v. Kochava, Inc.*, 684 F. Supp. 3d



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

deficient opt-out mechanism, they fail to plausibly allege the type of highly offensive intrusion required under either Washington or California law.

**3. Plaintiffs' Wiretap Act and CIPA § 631 Claims Fail (Counts I and IV)**

***i. Plaintiffs Fail to Allege Any Unlawful Interception.***

Plaintiffs invoke the crime-tort exception, asserting the party defense is unavailable because Funko allegedly procured, rather than directly intercepted, communications. Even if true (it is not, *see* infra § II.C.3.iii), "§ 2520 (civil wiretap liability) is narrower than § 2511 (criminal) and does not impose civil liability on procurers." *Lyons v. Liberty Univ., Inc.*, No. 6:26-CV-00007, 2026 WL 2167846, at *5 (W.D. Va. July 28, 2026).

Plaintiffs further contend that the alleged disclosure itself constitutes an unlawful invasion of privacy and therefore supplies the independent unlawful purpose required for the crime-tort exception. That misstates the inquiry. The relevant question is not whether the interception allegedly violated another law, but whether the interception was undertaken for a separate criminal or tortious objective. *Sussman v. Am. Broad. Cos.*, 186 F.3d 1200, 1202-03 (9th Cir. 1999); *Planned Parenthood Fed'n of Am., Inc. v. Newman*, 51 F.4th 1125, 1136 (9th Cir. 2022). Plaintiffs allege no such purpose. Their theory simply repackages the alleged interception as the independent wrong, which is insufficient.[4] *Sussman*, 186 F.3d at 1203; *see also Doe v. Talkiatry Mgmt. Servs.*,

1024, 1041 (S.D. Cal. 2023) (alleging defendant tracked consumers across platforms, including to sensitive locations like "places of worship, domestic abuse shelters," etc.); *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir. 2020) (predating *Popa*, involving tracking across numerous unrelated third-party websites after a user logged out of Facebook); *Gilligan v. Experian Data Corp.*, No. 25-CV-02873-RFL, 2026 WL 32259, at *2 (N.D. Cal. Jan. 6, 2026) (involving the defendant continuing to track "future web browsing activity across the internet.").

[4] Plaintiffs' case law appears to collapse the inquiry as well, and hold at most that profit motive does not categorically preclude liability. *In Re Otter.AI Priv. Litig.*, No. 25-cv-06911-EKL, 2026 WL 2351237, at *5 (N.D. Cal. Aug. 13, 2026); *Allison v. PHH Mortg.*, No. 25-CV-05323-RFL, 2026 WL 899438, at *11 (N.D. Cal. Mar. 27, 2026); *Asercion v. Ulta Salon, Cosmetics & Fragrance, Inc.,* No. 26-CV-02442-RFL, 2026 WL 2453175, at *3 (N.D. Cal. Aug. 21, 2026).



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

LLC, 816 F. Supp. 3d 1206, 1210 (C.D. Cal. 2026). Analytics and advertising are routine commercial objectives, not separate criminal or tortious purposes.[5]

Because Plaintiffs do not plausibly allege that Funko acted to further a separate tort or crime, the crime-tort exception does not apply. *See Sisti v. Bosley, Inc.*, 831 F. Supp. 3d 979, 991 (C.D. Cal. 2026); *Pena v. GameStop, Inc.*, 670 F. Supp. 3d 1112, 1119 (S.D. Cal. 2023).

***ii. Plaintiffs Fail to Allege Contemporaneous Interception.***

Plaintiffs still fail to plead the "in transit" element. Their theory is that Funko embedded third-party code on its website, causing users' browsers to send information to third parties when they interacted with the Website. But that describes a separate transmission to a third party, not an interception of communications between Plaintiffs and Funko while those communications were en route. Put differently, a contemporaneous browser-to-third-party data transfer is not, without more, an interception of communications "in transit" within the meaning of § 631. *See Telquist McMillen Clare PLLC v. Clare*, No. 4:18-CV-05045-SAB, 2018 WL 10396650, at *2 (E.D. Wash. Sept. 7, 2018).

*Crano v. Sojern, Inc.*, No. 3:25-CV-02600-JSC, 2025 WL 2689267, at *7 (N.D. Cal. Sept. 19, 2025), likewise held that allegations of contemporaneous, real-time data redirection did not plausibly establish interception in transit. Plaintiffs similarly allege transmissions to third parties but no facts showing that those parties read communications between Plaintiffs and Funko while in transit. Compl. ¶ 114; *see also Esparza v. UAG Escondido A1 Inc.*, No. 23CV0102 DMS(KSC), 2024 WL 559241, at *6-7 (S.D. Cal. Feb. 12, 2024); *Jones v. Tonal Sys., Inc.*, 751 F.Supp.3d 1025,

[5] The cases Plaintiffs cite where the court found the crime-tort exception applies because the plaintiffs pled an invasion of privacy claim are inapposite, because here Plaintiffs' invasion of privacy claims fail for the reasons set forth above. *See* Opp. at 11 (citing *R.C. v. Walgreen Co.,* 733 F. Supp. 3d 876, 901–02 (C.D. Cal. 2024); *Dellasala,* 2026 WL 1138358, at *10; *Garcia v. Truist Fin. Corp.*, 825 F. Supp. 3d 1149, 1166 (C.D. Cal. 2026); *Smart v. Main Line Health*, No. 22-5239, 2026 WL 1008171, at *2-3 (E.D. Pa. Apr. 14, 2026).



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

1035-36 (S.D. Cal. 2024); *Augustine v. Great Wolf Resorts, Inc.*, No. 23-CV-00281-DMS-DTF, 2024 WL 3450967, at *5-7 (S.D. Cal. July 18, 2024).[6].

***iii. Plaintiffs Fail to Allege the Contents of Their Communications Were Intercepted.***

The Complaint alleges that Tracking Entities received Request URLs containing webpage names and file locations, products users browsed, cookies, and user-activity information indicating commercial activity and purchases. Compl. ¶ 111. It further asserts, without identifying any such URL, that transmitted URLs containing a path and query string constitute contents. *Id.* ¶ 110. These allegations do not establish that a third party acquired the contents of a communication made by any Plaintiff. *See B.K. v. Eisenhower Med. Ctr.*, 721 F.Supp.3d 1056 (C.D. Cal. 2024) (dismissing for failure "to allege what, if any, medical information . . . were transmitted or disclosed" and because plaintiffs' "vague allegations" and "conjectures and hypothetical scenarios" did not allege with "any specificity as to what medical information was allegedly disclosed or when").

*Limas v. Wayfair LLC*, No. CV 25-11185-DMG (EX), 2026 WL 2351592, at *4 (C.D. Cal. Aug. 13, 2026), is distinguishable because, while the court did not require exact search queries, the plaintiff provided a detailed list of the types of products searched. Here, Plaintiffs identify only unparticularized retail-site interactions. That does not satisfy the pleading standard and is inconsistent with decisions requiring a basic level of specificity for similar claims. *See King v. Hard Rock Cafe Int'l (USA), Inc.*, No. CV 24-01119-DC (CKDx), 2025 WL 1635419, at *4 (E.D. Cal. June 9, 2025); *Cousin v. Sharp Healthcare*, 681 F.Supp.3d 1117, 1123 (S.D. Cal. 2023).

***iv. There Can Be No Civil Liability for Allegedly Procuring or Aiding and Abetting an Alleged Interception Through Third Parties.***

Plaintiffs' federal claim rests principally on the allegation that Funko "procured" Tracking Entities to embed and configure tracking tools. Compl. ¶ 117. That theory fails because § 2520(a)'s

[6] As opposed to Plaintiffs' cited cases, which appear to accept as sufficient "real time" allegations without in-depth discussion. *Limas,* 2026 WL 2351592, at *4 (C.D. Cal. Aug. 13, 2026); *Heerde v. Learfield Commc'ns, LLC*, 741 F. Supp. 3d 849, 862 (C.D. Cal. 2024).



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

civil remedy reaches the person or entity that engaged in an unlawful interception, disclosure, or use; it does not create civil liability for procurement, notwithstanding procurement's appearance in § 2511's criminal provision. *See Kirch v. Embarq Mgmt. Co.*, 702 F.3d 1245, 1246-47 (10th Cir. 2012); *In re Carrier IQ, Inc., Consumer Priv. Litig.*, 78 F.Supp.3d 1051, 1088-89 (N.D. Cal. 2015). Plaintiffs fail to address Washington case law finding that a "Plaintiff cannot sustain an ECPA claim under a procurement theory of interception." *Nichols v. Peacehealth Networks on Demand LLC*, No. 2:25-CV-01831-JHC, 2026 WL 607763, at *4 (W.D. Wash. Mar. 4, 2026).[7]

Plaintiffs' alternative "use" theory fails because they do not plausibly allege that Funko intentionally used communication contents knowing they were obtained through an unlawful interception. 18 U.S.C. § 2511(1)(d).

Plaintiffs fare no better under CIPA's broader aiding-and-abetting framework. Plaintiffs are correct that CIPA § 631(a), unlike the Wiretap Act's civil-remedy provision, reaches aiding and abetting, but it still requires an underlying violation. *See* Opp. at 13-14 (citing *Balestrieri v. SportsEdTV, Inc.*, No. 25-cv-04046-SK, 2025 WL 2776356, at *11 (N.D. Cal. Sept. 16, 2025); *Correia*, 2026 WL 2343093, at 5-6; *Doe v. Tenet Healthcare Corp.,* 789 F. Supp. 3d 814, 839-40 (E.D. Cal. 2025). Because Plaintiffs do not plausibly allege that any communication content was acquired in transit, they cannot state a claim based on Funko's alleged assistance.

**4. Plaintiffs' CIPA § 638.51 Claims Fail (Count V).**

Though Plaintiffs confidently assert that Section 638.51 applies to the tracking technologies at issue here, in *Variety Media* the California Court of Appeal tentatively concluded that a "pen register," reaches only a device or process that records or decodes metadata likely to identify the destination of an outgoing communication. *Variety Media, LLC v. Superior Ct.*, No.

[7] Plaintiffs instead cite less persuasive, out of jurisdiction cases for this proposition. *Mekhail v. N. Mem'l Health Care,* 726 F. Supp. 3d 916, 925-26 (D. Minn. 2024); *Q.J. v. Powerschool Holdings, LLC*, No. 23 C 5689, 2025 WL 2410472, at *11 n.3 (N.D. Ill. Aug. 20, 2025); *Boseovski v. McCloud Healthcare Clinic, Inc.*, No. 2:16-CV-2491-DMC, 2020 WL 68578, at *6 (E.D. Cal. Jan. 7, 2020); *Smith v. Rack Room Shoes, Inc.*, No. 24-cv-06709-RFL, 2025 WL 2210002, at 4 (N.D. Cal. Aug. 4, 2025) *Lonegan v. Hasty*, 436 F. Supp. 2d 419, 428 (E.D.N.Y. 2006); *Dawson v. Univ. of Phx., Inc.*, No. 1:25-cv-03497, 2026 WL 92248, at *14 (N.D. Ill. Jan. 13, 2026); *Valentine v. Wideopen West Fin., LLC,* 288 F.R.D. 407, 411 n.3 (N.D. Ill. 2012)


BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

B350578, tentative ruling at 2 (Cal. Ct. App. Aug. 2026). The court further tentatively concluded that a website visitor's IP address does not satisfy that definition because an IP address identifies the source of a communication, not its destination. *Id.* Here, Plaintiffs allege that the tracking technologies are pen registers because they record "IP addresses, detailed URLs, cookies, and Pixel IDs" transmitted by users' devices, and that those technologies are used to identify website visitors. Compl. ¶¶ 124, 203. But those allegations concern source- and user-identifying information, not metadata identifying the destination of an outgoing communication. Other California courts have gone further, finding § 638.51 does not apply to the internet at all. *See, e.g.*, *Sanchez v. Cars.com Inc.*, No. 24STCV13201, 2025 WL 487194, at *3 (Cal. Super. Ct. Jan. 27, 2025).

Furthermore, on August 28, 2026, Senate Bill 690 ("SB 690") passed both the California Assembly and Senate unanimously and awaits the Governor's signature. *See* S.B. 690, 2025-2026 Reg. Sess. (Cal. Aug. 28, 2026). Once enacted, SB 690 will amend California Penal Code § 637.2 to eliminate private enforcement of claims arising under § 638.51, when based on conduct through websites. Importantly, the legislation applies retroactively, extending to any pending action filed within two years before the statute's operative date, which would encompass Plaintiffs' claim.[8]

**5. Plaintiffs' Common Law Fraud, Deceit, and/or Misrepresentation Claims Fail (Count VIII).**

Plaintiffs' Opposition, like the Complaint, supplies labels—not the particularized facts required to plead fraud. It identifies Funko's cookie banner and settings generally but does not plead the specific representation each Plaintiff relied upon, why it was false, Funko's knowledge, or reliance and damages. Opp. at 15-16. The cases Plaintiffs cite are unavailing in that they do not address whether plaintiffs must allege the actual representation they relied upon. *See* Opp. at 16 (citing *Gabrielli*, 815 F. Supp. 3d at 873; *Pemberton*, 2025 WL 3268404, at *21).

[8] Plaintiffs' cases were decided before the California legislature passed SB 690. *See* Opp. at 15 (citing *Limas,* 2026 WL 2351592, at *8; *Gabrielli,* 815 F. Supp. 3d at 872; *Vishal Shah*, 754 F. Supp. 3d at 932).



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

The assertion that Plaintiffs visited in March 2026 or April 2025 does not satisfy Rule 9(b). Those broad date ranges and generic assertions about a website feature do not establish the who, what, when, where, and how of the alleged deception. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105-06 (9th Cir. 2003). Nor can Plaintiffs plead damages by asserting that Funko or third parties derived marketing value from data. *Id.* A defendant's alleged benefit is not a fraud plaintiff's injury. *Id.*

**6. Plaintiffs' Unfair Competition Claims Fail (Count VII).**

First, Plaintiffs' UCL claim fails because it rises and falls with Plaintiffs' deficient statutory and fraud theories. Plaintiffs' cited cases are inapposite because they involve significantly more offensive privacy invasions including disclosures of video-viewing and video communication information to support the predicate theories. *See* Opp. at 17 (citing *Cappello v. Walmart Inc.*, 394 F.Supp.3d 1015, 1023 (N.D. Cal. 2019); *Edwards v. MUBI, Inc.*, 773 F.Supp.3d 868, 878 (N.D. Cal. 2025); *In re Zoom Video Commc'ns Inc. Priv. Litig.*, 525 F.Supp.3d 1017, 1023 (N.D. Cal. 2021).

Second, Plaintiffs do not allege the required loss of money or property. Cal. Bus. & Prof. Code § 17204; *Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 615 (9th Cir. 2021) ("[T]he 'mere misappropriation of personal information' does not establish compensable damages."). Although Plaintiffs argue that Funko's loss-of-money-or-property argument is "not dispositive," their authorities confirm that such a loss is an essential element of a UCL claim. *See* Opp. at 17 (citing *In re TikTok, Inc., Minor Priv. Litig.,* No. MDL 3144-GW-RAOX, 2025 WL 3628598, at *18 (C.D. Cal. Nov. 5, 2025). And Plaintiffs do not allege that they paid to use the Website, paid more than they otherwise would have, or received a product worth less than the price paid.

Plaintiffs' market-value theory fares no better. As in *Doe v. Meta Platforms, Inc.*, 690 F.Supp.3d 1064, 1091 (N.D. Cal. 2023), Plaintiffs do not allege facts showing how they could have, much less would have, participated in a legitimate market for their information. Courts



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

consistently reject the notion that a plaintiff suffers economic injury merely because personal information has value in the abstract or because a defendant allegedly profited from it. *See, e.g.*, *Dellasala*, 2026 WL 1138358, at *10. Nor do *In re Meta Pixel Tax Filing Cases*, 724 F.Supp.3d 987, 1024 (N.D. Cal. 2024) or *In re TikTok, Inc.*, hold otherwise; those cases involved allegations that plaintiffs surrendered more or received less in a transaction or lost a cognizable property interest. Plaintiffs allege none of those circumstances here. Dirksen and Copaken did even not purchase anything, or exchange information for a privacy-limited service, and all Plaintiffs' conclusory assertions that their information had "independent, quantifiable value" are insufficient. Compl. ¶ 48. Their UCL claim therefore should be dismissed.

**7. Plaintiffs' CLRA Claims Fail (Count VI).**

Plaintiffs admit that only Beltran asserts a CLRA claim. Opp. at 18 n.13. That alone warrants dismissal as to Dirksen and Copaken. Beltran's claim independently fails because Plaintiffs do not dispute that they failed to provide the pre-suit notice required for a damages claim under California Civil Code § 1782. The Opposition's mention of curing by amendment confirms the Complaint does not state a claim, and the case Plaintiffs rely on — *Oh v. Catalina Snacks, Inc.*, 764 F.Supp.3d 903 (C.D. Cal. 2025) — is inapposite, because there the plaintiff had actually attempted to comply with the statutory requirement by providing notice at an old address. Opp. at 18.

Beltran also has not pleaded a fraudulent CLRA theory with particularity, as required by the very authority Plaintiffs cite. *Thornton v. Micro-Star Int'l Co.*, No. 2:17-cv-03231-CAS-AFMx, 2018 WL 5291925, at *5 (C.D. Cal. Oct. 23, 2018). His allegation that he relied on generic cookie settings does not identify a particular statement, show that it was false when made, or allege a resulting economic injury. *Id*. The Court should dismiss the claim.

**8. Plaintiffs' Unjust Enrichment Claim Fails (Count IX).**

Plaintiffs' unjust-enrichment claim fails. The Website was freely available, and Plaintiffs do not allege they conveyed a specific, valuable benefit to Funko for which equity requires



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

payment. *In re Facebook* does not establish otherwise. There, the plaintiffs alleged a massive, cross-site collection of browsing histories linked to Facebook profiles and a specific theory that Facebook monetized that data. 956 F.3d at 599-600. Plaintiffs' vague allegations concerning a retail website and unidentified data do not plausibly allege a comparable benefit. Plaintiffs' other authorities are similarly unavailing, because they involve specific allegations about sensitive health data. *See Castillo v. Costco Wholesale Corp.*, No. 2:23-CV-01548-JHC, 2024 WL 4785136, at *16 (W.D. Wash. Nov. 14, 2024) ("Plaintiffs allege Costco collected data about specific prescriptions . . . [and] Plaintiffs have alleged the existence of a market for personal health data."); *Gabrielli*, 815 F.Supp.3d at 860. *Pemberton*, 2025 WL 3268404, a nonbinding district-court decision, does not alter *Popa*'s requirement that courts assess the particular information allegedly collected from the particular plaintiff.

## III. CONCLUSION

For the foregoing reasons, Funko respectfully requests that Plaintiffs' Complaint be dismissed in its entirety with prejudice.

DATED this September 14, 2026.

Respectfully submitted,

**BAKER & HOSTETLER LLP**

*s/Alexander Vitruk*
Paul G. Karlsgodt, WSBA #40311
Alexander Vitruk, WSBA #57337
Logan F. Peppin, WSBA #55704
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Phone: (206) 332-1380
E-mails: pkarlsgodt@bakerlaw.com
avitruk@bakerlaw.com
lpeppin@bakerlaw.com

I certify that this document contains 4038 words, in compliance with Local Civil Rules

*Attorneys for Defendant Funko, LLC*

**CERTIFICATE OF SERVICE**



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

I hereby certify that on September 14, 2026, a true and correct copy of the foregoing document was served via CM/ECF and/or e-mailed to counsel below:

Kim D. Stephens, P.S., WSBA #11984
Rebecca L. Solomon, WSBA #51520
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington, 98101
Telephone: 206.682.5600
Fax: 206.682.2992
E-mail: kstephens@tousley.com
rsolomon@tousley.com

Mark S. Reich, *pro hac vice*
Christopher DeVivo, *pro hac vice*
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 27th Floor
New York, NY 10004
Telephone: 212.363.7500
Fax: 212.363.7171
E-mail: mreich@zlk.com
cdevivo@zlk.com

*Attorneys for Plaintiffs and the Proposed Class*

*s/ Jaya Field*
Jaya Field, Legal Assistant