THE HONORABLE JOHN H. CHUN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

PETER DIRKSEN, AVIVA COPAKEN, and STEVEN BELTRAN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

FUNKO, LLC,

Defendant.

Case No. 2:26-cv-01585-JHC

**FUNKO, LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AS TO PLAINTIFF BELTRAN**

NOTE ON MOTION CALENDAR:
September 14, 2026

**ORAL ARGUMENT REQUESTED**



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

## I. INTRODUCTION

Plaintiff Steven Beltran's ("Plaintiff Beltran") Opposition to Defendant Funko, LLC ("Funko") Motion to Compel Arbitration and Stay Proceedings ("Motion") does not overcome the undisputed evidence that he expressly agreed to arbitrate. Tellingly, Plaintiff Beltran does not submit counterevidence, nor deny that he selected the box required to create his account on www.funko.com (the "Website") that stated he accepted the Terms of Service[1] or that the Create Account page Funko cited to is the same as the one he agreed to. Furthermore, Plaintiff Beltran fails to provide any evidence that he opted-out of the requirement to arbitrate following his agreement to Funko's Terms and Conditions. Case law is clear that "[w]here plaintiffs do not offer any testimony or evidence to rebut a defendant's evidence, however, courts generally reject such challenges to the sufficiency of a defendant's evidence." *White v. PayPalHoldings Inc.*, 821 F. Supp. 3d 1058, 1068 (N.D. Cal. 2026). *See also Robbins v. Mscripts, LLC*, No. 23-cv-01381-LB, 2023 WL 5723220, at *5 (N.D. Cal. Sept. 5, 2023) ("[W]ithout any contradicting evidence about what the plaintiff saw, the court is not precluded from concluding as a matter of law that the plaintiff was on notice of [the defendant's] terms and conditions when he created his account.").

Instead, Plaintiff's Opposition criticizes Funko for purportedly not providing enough evidence showing he agreed to arbitrate while speculating what the account creation page could have looked like.[2] But, Plaintiff's criticisms do not create a genuine dispute of material fact. As explained in Funko's Motion, and below, in order to create an account Plaintiff Beltran was

---

[1] While the account creation page references the "Terms of Service," it hyperlinks to Funko's Website's Terms and Conditions. *See* Dkt. #13, Ex. B ("Winney Decl.").

[2] Plaintiff Beltran's counsel complains that Defendant was to produce any information related to Plaintiffs in advance of any motion because they shared Plaintiffs' email addresses. Opp. at 2–3. What Plaintiffs' counsel conveniently fails to mention is prior to filing the Motion, Defendant's counsel emailed Plaintiffs' counsel stating: "[a]s a courtesy, we wanted to let you know that we are going to file a motion to compel arbitration as to Plaintiff Beltran based on the allegations in the Complaint. . . ." Additionally, consistent with the other arguments in Plaintiff's Opposition, Plaintiff's claim that Funko's Motion is based on the email addresses they provided is based on (a false) speculation. Further troubling is that Plaintiff Beltran asks for discovery in his Opposition, but since the date Defendant's counsel sent Plaintiffs' counsel a courtesy email notifying Plaintiffs' counsel of the instant Motion, Plaintiffs' counsel has never responded asking for any information.

required to affirmatively select a box that states he accepts the Terms of Service, which were hyperlinked in a contrasting blue, underlined, bolded font.

Plaintiff Beltran's remaining arguments that the Court should decide the issue of arbitrability, and that the arbitration provision is unconscionable, are unavailing. The Terms and Conditions expressly delegate the question of arbitrability to the arbitrator, as well as any questions of unconscionability.

The Court should compel Plaintiff Beltran's claims to individual arbitration and stay this action.

## II. LAW AND LEGAL ARGUMENT

### a. The Arbitrator Should Decide the Issue of Arbitrability

Plaintiff Beltran conflates formation with enforceability. He argues because he challenges the existence of the contract (the Terms and Conditions) that the question should be directed to the Court. Opp. at 4–5. But, Plaintiff Beltran does not deny creating an account with Funko online or agreeing to Funko's Terms and Conditions. In fact, Plaintiff Beltran's reliance on *Kum Tat Ltd. v. Lindex Ox Pasture, LLC*, 845 F.3d 979 (9th Cir. 2017) underscores just this. There, the court found that the defendant's "argument that there was 'no contract' was a challenge to the existence of a contract." *Id.* at 983. Unlike in *Kum Tat*, Plaintiff Beltran does not deny he signed up for an account or agreed to Funko's Terms and Conditions. Instead, he admits, he merely "calls into question whether any such contract was formed," (Opp. at 5), not that there was no contract.

The Court determines whether Plaintiff Beltran agreed to the Terms and Conditions. But once the Court finds assent, the parties' Terms and Conditions determine who decides Plaintiff Beltran's challenges to its validity and enforceability. Here, the Terms and Conditions delegate the question of arbitrability to the arbitrator. Specifically, they state that "[a]ny arbitration between you and Funko will be settled under the Federal Arbitration Act and administered by JAMS in accordance with the rules of JAMS . . . [t]he arbitrator has exclusive authority to resolve any



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

dispute relating to the interpretation, applicability, or enforceability of this binding arbitration agreement." *See* Winney Decl., Ex. A, Section 24(d).

As Funko explained in its Motion, and which explanation Plaintiff Beltran does not dispute, courts within this Circuit have routinely found the arbitrator should decide the issue of arbitrability when the parties' agreement incorporates JAMS rules, like here. *See Briggs v. Serv. Corp. Int'l.*, No. C22-1646JLR, 2023 WL 2075958, at *7 (W.D. Wash. Feb. 17, 2023); *see also* Mot. at 10–11 (citing cases).

Accordingly, the question of arbitrability should be delegated to the arbitrator.

**b. The Arbitration Clause is Valid and Enforceable**

As an initial matter, Plaintiff does not dispute that (1) the Terms and Conditions apply to Plaintiff Beltran's claims and (2) he may not pursue his claims on a collective or class basis, and thus, Plaintiff Beltran's failure to respond is an admission. *See Sturtevant v. Xerox Commer. Solutions, LLC*, No. C16-1158RSM, 2016 WL 4992468, at *5 (W.D. Wash. Sept. 19, 2016); *see also* LCR 7(b)(2).

Tellingly, Plaintiff Beltran does not submit counterevidence, nor deny that he selected the box required to create his account on the Website that stated he accepted the Terms of Service[3] or that the Create Account page Funko cited to is the same as the one he agreed to. Furthermore, Plaintiff Beltran fails to provide any evidence that he opted-out of the requirement to arbitrate following his agreement to Funko's Terms and Conditions.[4] And, case law is clear that "without any contradicting evidence about what the plaintiff saw, the court is not precluded from concluding as a matter of law that the plaintiff was on notice of [the defendant's] terms and conditions when

[3] *Supra* n. 1.

[4] Plaintiff's reliance on *Aurandt v. Range View Mgmt., LLC,* No. CV25-5785-BHS, 2026 WL 1693810 (W.D. Wash. June 11, 2026) is unavailing. There, the plaintiff "testifie[d] under penalty of perjury that she never visited the website." *Id.* at *6. Unlike in *Aurandat*, Plaintiff Beltran's complaint allegations are based on his use of Funko's Website and the purported harm he suffered from doing so. *See generally* Compl. Moreover, Plaintiff Beltran fails to provide a declaration stating he never created an account, used the Website, or agreed to the Terms and Conditions. *Stowe v. Hearst Mag. Media, Inc.*, No. 1:25-CV-01128-JCG, 2026 WL 1678204, at *3 (D. Del. June 10, 2026) is an out-of-circuit decision and unlike here, the declarant provided "illustrative examples."



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

he created his account." *Robbins*, 2023 WL 5723220, at *5; *see also White*, 821 F. Supp. 3d at 1068 ("Where plaintiffs do not offer any testimony or evidence to rebut a defendant's evidence, however, courts generally reject such challenges to the sufficiency of a defendant's evidence."); *Goggins v. Amazon.com, Inc.*, No. 2:24-cv-00257, 2025 WL 2782872, at *6 n.1 (W.D. Wash. Sept. 30, 2025) ("Plaintiffs offer no counter-declaration or evidence contradicting this placement—only speculation about what the homepage 'likely' contained. Such conjecture cannot create a genuine dispute of material fact."); *Vikram Singh v. Adobe Inc.*, 797 F. Supp. 3d 1038, 1046 (N.D. Cal. 2025) (holding Adobe satisfied its burden of demonstrating what the plaintiffs would have seen when neither plaintiff disputed that the screenshots offered by the defendant's declarant were "the same as what they saw nor offer any evidence regarding what they saw . . ."); *Cordas v. Uber Tech.'s Inc.*, 228 F. Supp. 3d 985, 989–90 (N.D. Cal. 2017) (similar holding).

Nevertheless, Plaintiff Beltran argues he did not manifest assent to the Terms and Conditions because there is a "genuine dispute as to the existence of an arbitration agreement" and thus the motion should be "decided on the summary judgment standard." Opp. at 5. In support of Plaintiff Beltran's argument, he complains "Funko has provided no evidence establishing when Beltran first visited the Website, created his account, or when the Motion Terms took effect." *Id.* However, Plaintiff Beltran fails to show that any of these arguments create a genuine dispute as to the existence of a valid arbitration agreement.[5]

First, Plaintiff Beltran's complaint that "Funko has provided no evidence establishing when Beltran first visited the Website" (Opp. at 5) is unavailing. Even if Funko could identify unique users who browsed its public website (it cannot), the date that Plaintiff Beltran first visited Funko's public Website is irrelevant to whether he assented to Funko's Terms and Conditions that included the arbitration provision.

[5] Plaintiff's reliance on *Hansen v. LMB Mortrg. Servs.*, 1 F.4th 667, 670–71 (9th Cir. 2021) and *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1142 (9th Cir. 1991) is misplaced. In both of those decisions the plaintiffs denied agreeing to a contract with an arbitration provision. Differently here, Plaintiff Beltran does not deny agreeing to arbitrate his claims or agreeing to the Terms and Conditions.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

Second, Plaintiff Beltran's complaint that "Funko has provided no evidence establishing when Beltran . . . created his account, or when the Motion Terms took effect" fares no better. *Id.* at 1. As explained in the declaration of Alex Winney filed in support of Funko's Motion to Compel Arbitration and Stay Proceedings, the Terms and Conditions attached as Exhibit A and the Create Account page attached as Exhibit B to his declaration ***were in effect at the time*** Plaintiff Beltran opened an account on www.funko.com. Winney Decl., Ex. A & B. Mr. Winney further attests that Plaintiff Beltran did not opt-out of the requirement to arbitrate. *Id.*

As Funko explained in its Motion, Funko's Website conspicuously disclosed to Plaintiff Beltran that he would be bound by the Terms and Conditions, which contained the arbitration agreement, if he proceeded to create an account. As demonstrated in the below screenshot, the Terms and Conditions were bolded in contrasting blue font and hyperlinked directly above the "CREATE ACCOUNT" button. The bolded hyperlink is distinguished from the surrounding text and white background.




*Id.*, Ex. B.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

Similar to the directly on-point and recent decision, *Woytko v. FabFitFun, Inc.*, No. C25-2616JLR, 2026 WL 1291912 (W.D. Wash. May 11, 2026), which Plaintiff Beltran fails to address in his Opposition, here, Funko's Website conspicuously disclosed to Plaintiff Beltran that he would be bound by the Terms and Conditions, which contain the arbitration agreement, if he proceeded to create an account.

Likewise, Plaintiff Beltran's criticism that Funko relies on the "current" Create Account page and not the "exact screens in effect at the time Beltran created his account" has been rejected by other courts in similar circumstances. Opp. at 3, 5. Indeed, the Western District of Washington has held "[a] party seeking to compel arbitration is not, moreover, required to provide an original screenshot of the account creation process at the precise time a plaintiff created an account." *Saeedy v. Microsoft Corp.*, 757 F. Supp. 3d 1172, 1192–95 (W.D. Wash. 2024).

Plaintiff Beltran merely speculates that there could have been a prior or different Create Account page interface than the one attached to the declaration of Mr. Winney, and thus, he "cannot be bound by [Funko's] unsupported inference." Opp. at 5–6. But, "conjecture cannot create a genuine dispute of material fact." *See Goggins*, 2025 WL 2782872, at *6 n.1.

Tellingly, Beltran fails to distinguish any of the case law cited to by Funko, and instead cites to inapposite case law in an effort to discredit Mr. Winney's declaration. *Obesity Research. Inst., LLC v. Fiber Research. Int'l, LLC*, 310 F. Supp. 3d 1089 (S.D. Cal. 2018) did not involve a motion to compel arbitration, but instead a motion for summary judgment. *Id.* at 1104. Nevertheless, just like here, the defendants' declarations were "not conclusory." *Id.* at 1116. *Jacobson Warehouse Co., v. Lindt & Sprungli N. Am.*, No. C19-1889-TLN-AC, 2021 WL 5087622 (E.D. Cal. Nov. 1, 2021) involved a plaintiff providing a declaration which "statement [wa]s internally inconsistent, conclusory, unsupported, and offered without evidence of personal knowledge . . . ." *Id.* at *7. Unlike in *Jacobson*, Mr. Winney's declaration is not inconsistent, conclusory, unsupported, or offered without his own knowledge. In *White v. PayPalHoldings Inc.*, 821 F. Supp. 3d 1058 (N.D. Cal. 2026) the declaration did not include screenshots of the method



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

of the various actual sign-up methods used by the plaintiffs. *Id*. at 1068. Differently here, Mr. Winney's declaration provided screenshots of the sign-up flow through the Website, which is how Plaintiff Beltran alleges he created an account. *See* Winney Decl. In *Carrera v. Whitepages, Inc.*, No. 2:24-cv-01408-JHC, 2025 WL 1635236 (W.D. Wash. June 9, 2025), *aff'd*, Case No. 25-4219, 2025 WL 2846447 (9th Cir. Sept. 25, 2025) it was not until the defendant filed its reply that it included a screenshot of the "pop-up requiring a user to accept Whitepages' Terms of Service" and a declaration attesting to the defendant's records. *Id.* at *3. Unlike here, Funko did not wait to provide a screenshot of the Create Account page and Terms and Conditions, or a declaration attesting to the records until it filed its reply.

Plaintiff's reliance on *Kuhk v. Playstudios Inc.*, No. 2:24-cv-00460-TL, 2024 WL 4529263 (W.D. Wash. Oct. 18, 2024) is instructive. Unlike here, the plaintiff there submitted a declaration stating the notice was not reasonably conspicuous providing factual details to support his arguments. *Id*. at *6. Furthermore, in *Kuhk* the court explained "not only does Defendant fail to provide any evidence of its sign-up flows, which would allow the Court to compare Defendant's sign-up flows to those in the cited cases, it fails to even describe those sign-up flows to the Court in its motion." *Id*. at * 5. Unlike in *Kuhk*, Funko provided screenshots of the Create Account page and described in its Motion the process for creating an account. *See generally* Mot.; Winney Decl.

Given the above, there is no genuine dispute of material fact that Plaintiff Beltran agreed to Funko's Terms and Conditions, which included an arbitration clause when he signed up for an account on Funko's Website. *See Robbins*, 2023 WL 5723220; *White*, 821 F. Supp. 3d 1058; *Goggins*, 2025 WL 2782872.

**c. Whether The Arbitration Clause is Unconscionable is a Question for the Arbitrator**

Plaintiff Beltran argues that the arbitration clause "contains a high degree of substantive unconscionability, as well as elements of procedural unconscionability" (Opp. at 7), and thus, "the arbitration provision as a whole should be held unenforceable." *Id.* at 8.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

Whether the confidentiality provision in the arbitration clause is unconscionable is a question that the parties delegated to the arbitrator. Indeed, when parties delegate enforceability questions to an arbitrator, courts must enforce the delegation unless the plaintiff specifically challenges the delegation provision itself. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70–74 (2010). An attack on the arbitration agreement as a whole is for the arbitrator. *Id.*

Here, Plaintiff Beltran attacks the confidentiality requirement. Opp. at 7–8. He cites to and attaches Funko's current Terms and Conditions and claims because they "do not include the expansive confidentiality requirement" that "Funko has recognized that the confidentiality provision renders the [Terms Plaintiff Beltran agreed to] unconscionable and unenforceable." *Id*. at 8; *see also* DeVivo Decl., Ex. 1. However, changes to Funko's Terms and Conditions do not establish that the prior version was unenforceable nor does it support voiding the entire arbitration agreement.

At bottom, Plaintiff Beltran is making a challenge to the broader arbitration agreement. Plaintiff Beltran does not explain why the delegation provision itself is unconscionable. Likewise, Plaintiff Beltran's procedural-unconscionability argument attacks the arbitration agreement generally because he claims it was "formed against a backdrop of starkly unequal bargaining power between individual consumers and a sophisticated corporate entity." Opp. at 8 n.4. Plaintiff Beltran never identifies some separate oppression or unfairness arising from the delegation of arbitrability itself. *Rent-A-Center* therefore requires this issue to be decided by the arbitrator. Even if the Court reaches the issue, Plaintiff overstates his showing. The Terms and Conditions, which included the arbitration clause was specifically called to Plaintiff's attention when he created an account with Funko and he expressly agreed to the Terms and Conditions by affirmatively selecting the box when he created an account.

Even if the confidentiality provision is unenforceable (it is not), it does not renter the entire arbitration clause invalid. Indeed, Plaintiff's own cited case, *Zuver v. Airtouch Communications,*



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

*Inc.*, 153 Wn.2d 293 (2005) highlights just this. There, the court severed a discrete unconscionable provision when doing so preserved the parties' central bargain. *Id.* at 320–21.

Plaintiff otherwise relies on inapposite case law. *McKee v. AT&T Corp.*, 164 Wn.2d 372 (2008) involved four (4) significant provisions that were unconscionable and thus, the court found severance was not appropriate or practical. *Id.* at 402. Whereas here, Plaintiff Beltran complains only about the confidentiality provision. *Gandee v. LDL Freedom Enters., Inc.*, 187 Wn.2d 598 (2013) did not involve a confidentiality provision in an arbitration clause. Unlike here, there were multiple clauses the court found unconscionable, and thus, the court held the court held that "the unconscionable terms pervade the entire clause and severing three out of four provisions would require essentially a rewriting of the arbitration agreement." *Id.* at 607.

Accordingly, the Agreement clearly delegates questions of enforceability to the arbitrator.

**d. The Court Should Stay This Action Against Plaintiff Beltran Pending Plaintiff Beltran's Arbitration**

Plaintiff Beltran has no meaningful response to Funko's argument that this action should be stayed pending his arbitration. Instead, Plaintiff Beltran argues the action should not be stayed because Funko "has failed to carry its burden of proving an enforceable arbitration agreement exists . . . ." Opp. at 8. However, for the reasons explained above, Funko has shown that the arbitration provision in the Terms and Conditions is enforceable.

Further, Plaintiff Beltran fails to address any of Funko's directly on-point case law that a stay is appropriate. *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819, 832 (9th Cir. 2019) ("Under 9 U.S.C. § 3, a district court must stay proceedings for claims and issues 'referable to arbitration' pending resolution of the arbitration." citing *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)); *see also* Mot. at 16–17.[6] Accordingly, consistent with 9 U.S.C. § 3, Funko respectfully asks the Court to stay the action against Plaintiff Beltran pending his arbitration.

[6] Plaintiff's reliance on *Carrera*, 2025 WL 1635236 is misplaced. Unlike here, there, the defendant failed to show that a valid agreement to arbitrate exists. *Id.* at *4.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

**e. Plaintiff Beltran has Failed to Establish that Discovery is Warranted**

In direct contradiction to Plaintiff's argument that "this Court should not consider any evidence that Defendant presents for the first time in its reply briefing" (Opp. at 9)[7] Plaintiff Beltran "respectfully requests that the Court permit him to conduct limited discovery on the issue of his alleged consent to arbitration." *Id.*

As detailed above, Funko has provided sufficient evidence of Beltran's consent to arbitration through the Winney Declaration and supporting documents. *See, e.g., Robbins*, 2023 WL 5723220, at *5; *White*, 821 F. Supp. 3d at 1068; *Goggins*, 2025 WL 2782872, at *6 n.1; *Singh*, 797 F. Supp. 3d at 1046; *Cordas*, 228 F. Supp. 3d at 989–90.

Plaintiff relies on an out-of-circuit decision, *Application of Deiulemar Compagnia Di Navigazione, S.P.A. v. M/V Allegra*, 198 F.3d 473 (4th Cir. 1999), but there, the plaintiff "adequately demonstrated that the information it sought was otherwise unavailable" and that the information requested was "time-sensitive" given the "evanescent nature of the evidence sought." 480–81 (citation modified) (petitioner "was in danger of losing access to any evidence of the ship's condition."). Differently here, Plaintiff Beltran has not articulated that any evidence he needs is "unavailable" let alone that there is a fear of any evidence being lost. Moreover, Funko's counsel provided Plaintiffs' counsel with a courtesy heads up that it was filing this Motion, yet to date, Plaintiffs' counsel has failed to reach out asking for any purported "discovery on the issue of his alleged consent to arbitration."

## III. CONCLUSION

Given the above, Funko respectfully requests that the Court compel Plaintiff Beltran to submit all claims to individual arbitration pursuant to the Terms and Conditions and stay this action at to Plaintiff Beltran's claims pending completion of the arbitration.

[7] Given that Defendant does not present any new evidence in the instant reply, Defendant does not take a position on this argument as it is irrelevant.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

DATED this September 14, 2026.

Respectfully submitted,

**BAKER & HOSTETLER LLP**

*s/ Alexander Vitruk*
Paul G. Karlsgodt, WSBA #40311
Alexander Vitruk, WSBA #57337
Logan F. Peppin, WSBA #55704
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Phone: (206) 332-1380
E-mails: pkarlsgodt@bakerlaw.com
avitruk@bakerlaw.com
lpeppin@bakerlaw.com

I certify that this document contains 3,475 words, in compliance with Local Civil Rules

*Attorneys for Defendant Funko, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2026, a true and correct copy of the foregoing document was served via CM/ECF and/or e-mailed to counsel below:

Kim D. Stephens, P.S., WSBA #11984
1200 Fifth Avenue, Suite 1700
Seattle, Washington, 98101
Telephone: 206.682.5600
Fax: 206.682.2992
E-mail: kstephens@tousley.com

Rebecca L. Solomon, WSBA #51520
1200 Fifth Avenue, Suite 1700
Seattle, Washington, 98101
Telephone: 206.682.5600
Fax: 206.682.2992
E-mail: rsolomon@tousley.com

Mark S. Reich (admitted *pro hac vice*)
Christopher DeVivo (admitted *pro hac vice*)
LEVI & KORSINSKY, LLP
33 Whitehall Street, 27th Floor
New York, NY 10004
Telephone: 212.363.7500
Fax: 212.363.7171
E-mails: mreich@zlk.com
cdevivo@zlk.com

*Attorneys for Plaintiffs and the Proposed Class*

*s/ Jaya Field*
Jaya Field, Legal Assistant